## 76370. THOMPSON v. THE STATE.
### (369 SE2d 523)

CARLEY, Judge.

Appellant was indicted for the offense of child molestation. The State filed a pre-trial motion in limine, seeking to preclude the introduction at trial of any evidence concerning sexual contact between the victim and anyone other than appellant. The trial court granted the State's motion. At trial, an expert witness for the State testified that, on November 17, 1986, the victim had made a report which was to the effect that no one other than appellant had ever molested her. See OCGA §§ 24-3-4; 24-3-16. The case was submitted to the jury and a verdict of guilty was returned. Appellant appeals from the judgment of conviction and sentence that was entered on the jury's verdict.

Appellant's sole enumeration is that the trial court erred in granting the State's motion in limine. Appellant urges that, by the grant of the State's motion in limine, he was erroneously precluded from introducing impeaching evidence which would show that the victim had, in fact, made reports of sexual abuse committed upon her by someone other than appellant. The State contends any such excluded evidence would concern an inconsistency as to an irrelevant matter and that it would not, therefore, be admissible as impeaching evidence. "The past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the defendant on trial. [Cit.]" *Chastain v. State*, 180 Ga. App. 312-313 (2) (349 SE2d 6) (1986), aff'd 257 Ga. 54 (354 SE2d 421) (1987). See also *Thomas v. State*, 168 Ga. App. 587 (1) (309 SE2d 881) (1983). "[A] witness may not be impeached by contradictory statements previously made by him as to immaterial matters not relevant to his testimony and to the case. [Cits.]" *Green v. State*, 138 Ga. App. 48 (1) (225 SE2d 495) (1976). Appellant urges, however, that the excluded evidence did not relate to the child's actual sexual experiences with others, but only to her inconsistent report concerning such experiences and that the excluded evidence was, therefore, admissible as impeaching of her credibility.

Assuming, without deciding, that evidence of the victim's accusation against another could be said to relate to a material matter relevant to the case, such evidence would nevertheless be inadmissible for purposes of impeachment unless it was *also* shown to be a *prior inconsistent* report to that wherein she had alleged appellant to be her only molester. To the extent that appellant undertook to make any proffer of the excluded evidence, that proffer showed only that the victim's report of molestation by another had been made in January of 1987. This was some months *after* November 17, 1986, the date she purportedly identified appellant as her only molester. A *subsequent* report by the victim of molestation by another is neither prior to nor necessarily inconsistent with her earlier report that appellant was her only molester. If, between November 17, 1986 and January of 1987, the victim *had* been molested by another, then her subsequent report was in no way inconsistent with the prior report attributed to her.

If the victim had made a pre-November 17, 1986 report of molestation by others, it would be necessary for appellant to make a proffer of that evidence in order to secure a review of the trial court's exclusion of it. "Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. [Cit.] The record in the instant case does not show that such witnesses were proffered, or if when proffered the court refused to permit

the witnesses to testify, or if proffered what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court." *Byrd v. State*, 78 Ga. App. 824, 831-832 (3) (52 SE2d 330) (1949). See also *Robinson v. State*, 86 Ga. App. 375, 379 (3) (71 SE2d 677) (1952). It follows that appellant's enumeration as to the erroneous exclusion of non-proffered evidence presents nothing for review.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 13, 1988.

*John R. Thigpen, Sr.*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Margaret M. Edwards*, Assistant District Attorney, for appellee.