## 45967. SMITH v. THE STATE.
(377 SE2d 158)

BELL, Justice.

The appellant, Michael Smith, was convicted of rape, statutory rape, child molestation, and cruelty to children, and was sentenced to terms of imprisonment. Smith appeals and we reverse.[1] The main is-

---

[1] The alleged offenses occurred between June 1 and September 24, 1987. The grand jury for the November 1987 term of Barrow Superior Court indicted Smith. Smith was tried on November 23-25, 1987. The jury convicted Smith on November 25. Ruling that the statutory rape conviction merged with the rape conviction, the court imposed one 20-year sentence for rape and statutory rape. The court imposed two five-year prison terms for child molestation

sue on appeal is whether OCGA § 24-2-3, commonly referred to as the rape-shield law, bars admission of testimony regarding the victim's alleged past false accusations against persons other than the defendant.

Smith and his son lived with the victim, her brother, and her mother. As proof of the alleged offenses, the state offered testimony of an expert witness on "child abuse syndrome," testimony of two social workers, testimony of an investigator from the sheriff's department, and the victim's own testimony.

Outside the presence of the jury, Smith proffered the testimony of ten witnesses, including himself, regarding alleged past false accusations by the victim of sexual misconduct by men other than the defendant. Five testified that they had heard that the victim made similar allegations against them; each witness denied any such wrongdoing. Another witness testified that he had heard about similar allegations against him and that the victim had recanted in his presence; this witness also denied any wrongdoing. Two other witnesses testified that they were present when the victim recanted some of the allegations against persons other than Smith, and a ninth witness testified that she heard similar allegations and that she heard the victim recant these allegations. The defendant stated that the victim had made similar allegations against "ten or twelve" people and had recanted at least some of these accusations.

The court did not admit this evidence because it found that the rape-shield law, as construed in *Taylor v. State*, 183 Ga. App. 314, 316 (7) (358 SE2d 845) (1987), barred its admission.[2] The court did allow testimony from several defense witnesses regarding the victim's reputation for truthfulness. These witnesses stated that the victim had a poor reputation for truthfulness and that they would not believe her under oath.

1. Initially, Smith contends that the rape-shield law does not prohibit evidence that the victim had lied about sexual misconduct by men other than him, and that if the law is so construed, the law is unconstitutional as violating his right of confrontation. We agree that the rape-shield law does not prohibit such testimony.

---

and cruelty to children. On December 1, 1987, Smith moved for a new trial. The court reporter certified the transcript on May 31, 1988. Smith amended his motion for a new trial on June 16, and the court denied the motion on June 17, 1988. Smith filed his notice of appeal the same day. The clerk of the superior court certified the record on June 27, 1988. The clerk of this court docketed the appeal on July 1, 1988. The case was submitted on briefs without oral arguments on August 12.

[2] Some of the proffered testimony may be subject to other objections, such as hearsay. However, because the objection to this proffered evidence was based solely on the rape-shield law, and because the trial court excluded the testimony on that ground, we need not rule on this question now.

OCGA § 24-2-3 prohibits testimony regarding the victims "past sexual behavior." Numerous other courts have faced the issue presented by this appeal, and have ruled that evidence of prior false allegations by the victim does not fall within the proscription of rape-shield laws. The courts have reasoned that the evidence does not involve the victim's past sexual conduct but rather the victim's propensity to make false statements regarding sexual misconduct. E.g., *Clinebell v. Commonwealth*, 368 SE2d 263, 264-265 (1) (Va. 1988); *Commonwealth v. Bohannon*, 378 NE2d 987, 991-92 (10) (Mass. 1978); *Little v. State*, 413 NE2d 639, 643 (Ind. App. 1980); *Cox v. State*, 443 A2d 607, 613 (Md. App. 1982). We find the reasoning of these cases persuasive, and hold that § 24-2-3 does not prohibit testimony of previous false allegations by the victim.[3]

We now turn to the state's argument that, even if the rape-shield law does not prohibit such testimony, the testimony relates to the victim's character, which can only be attacked by evidence of the victim's general reputation for veracity. See OCGA §§ 24-2-2; 24-9-84. The state argues that any specific instances of untruthfulness are prohibited. However, regarding evidence that the prosecutrix in a sex-offense case has made prior false accusations against men other than the defendant, a majority of jurisdictions that have considered the question have held that the evidentiary rule preventing evidence of specific acts of untruthfulness must yield to the defendant's right of confrontation and right to present a full defense. These courts have held that evidence of prior false accusations is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. E.g., *Clinebell*, supra, 368 SE2d at 265-266; *Commonwealth v. Bohannon*, supra, 378 NE2d at 990-991; *West v. State*, 719 SW2d 684, 687 (Ark. 1986); *People v. Adams*, 243 Cal. Rptr. 580, 583-584 (Cal. App. 1988); *People v. Hurlburt*, 333 P2d 82, 87-88 (Cal. App. 1959); *State v. Anderson*, 686 P2d 193, 198-201 (Mont. 1984). See generally Galvin, Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade, 70 Minn. L. Rev. 763, 858-863 (1986).

However, the courts that have considered the admissibility of such evidence have ruled that, before such evidence can be admitted, the trial court must make a "threshold determination [outside the presence of the jury] that a reasonable probability of falsity exists.

---

[3] As previously noted, the trial court in the instant case relied on the decision of the Court of Appeals in *Taylor*, supra, 183 Ga. App. at 316 (7), in excluding the proffered testimony. However, the *Taylor* opinion does not indicate whether the evidence offered by the defendant involved prior false accusations by the victim. In any event, in view of the holding in the present case, *Taylor* can no longer be read to support the position urged by the state and relied on by the trial court.

[Cites omitted.]" *Clinebell,* supra, 368 SE2d at 266. This rule helps protect the prosecutrix from unfounded allegations that she has made similar allegations in the past, and we hereby adopt it for future cases in this state.

Because the trial court erred in excluding the proffered testimony based on the rape-shield statute, and because we cannot conclude that such error was harmless, we must reverse Smith's convictions. However, one other enumeration by Smith requires discussion as the issue could recur on remand.

2. Following the testimony by several defense witnesses that they would not believe the victim under oath, the trial court permitted the state's child-abuse expert to testify that, in her opinion, the victim told the expert the truth regarding the allegations against Smith in the expert's interviews with the victim. She also added that "[s]he [the victim] is upset about being away from her mother, but she's telling the truth, and she's not going to go back on it regardless of the consequences. . . ."

The court permitted this testimony over the defendant's objection, and on appeal Smith argues that the trial court erred. We agree.

The rule in this state is that "an expert may not testify as to his opinion as to the existence *vel non* of a fact . . . unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves. *Smith [v. State,* 247 Ga. 612, 619 (277 SE2d 678) (1981)]." *Allison v. State,* 256 Ga. 851, 853 (5) (353 SE2d 805) (1987). In the present case, the truthfulness or credibility of the victim was not beyond the ken of the jurors. The trial court therefore erred in permitting the testimony in question. *Allison,* supra. Cf. *United States v. Azure,* 801 F2d 336, 339-341 (8th Cir. 1986).

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs specially as to Division 2, and Marshall, C. J., who dissents as to Division 2 but not to the judgment.*

HUNT, Justice, concurring specially.

As to Division 2, I agree that an expert's testimony that a particular victim in a child abuse case is being truthful is inadmissible. However, it is entirely permissible for an expert on child abuse to testify about the typical characteristics of child abuse victims. See *Smith v. State,* 247 Ga. 612 (277 SE2d 678) (1981). The expert may testify that the victims do not, in general, lie about the abuse. This is an evaluation, based on scientific study, which is *not* within the ken of the average juror. See *State v. Butler,* 256 Ga. 448 (349 SE2d 684) (1986). It is then the jury's duty, aided by the expert's opinion regarding the general propensity for victims of child abuse to be truthful

about the abuse, to determine whether the particular victim is truthful.

DECIDED MARCH 16, 1989 —
RECONSIDERATION DENIED MARCH 29, 1989.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.