A92A1582. STRICKLAND v. THE STATE.
(422 SE2d 312)

McMURRAY, Presiding Judge.

Defendant was charged in a six-count indictment with aggravated child molestation (Counts 1, 3 and 5) and child molestation (Counts 2, 4 and 6). The evidence adduced at a jury trial showed that the three victims are sisters and that defendant was their babysitter. The victims testified that defendant committed acts while they were under defendant's care and supervision which constitute three separate acts of child molestation.

The State withdrew Counts 3 and 5 of the indictment before the jury began deliberations. The jury found defendant not guilty as to Count 1 and returned guilty verdicts as to Counts 2, 4 and 6. This appeal followed. *Held*:

Defendant contends the trial court erred in refusing to admit evidence of the victims' prior false allegations of child molestation against another babysitter.

"In *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158), the Supreme Court of Georgia held that, subject to a threshold determination, evidence of prior false allegations by a rape victim does not fall within the proscription of rape-shield laws and that such evidence may be admitted. [However, before] admitting evidence of prior false accusations the trial court, outside the presence of the jury, must determine 'that a reasonable probability of falsity exists.' The threshold determination is included in the procedure mandated by the Supreme Court for the express purpose of protecting the prosecutrix from 'unfounded allegations that she has made (false) allegations in the past. . . .' Id. at 138." *Ellison v. State*, 198 Ga. App. 75 (1), 76 (400 SE2d 360).

In the case sub judice, a hearing was conducted outside the presence of the jury regarding defendant's request to admit evidence of the victims' prior false allegations of child molestation against another babysitter. The victim of Count 4 of the indictment testified

that her cousin Lucille committed acts against her which constitute child molestation and that Lucille committed these acts while she and the other two victims were under Lucille's care and supervision. The victim of Count 2 of the indictment testified that her cousin Lucille committed acts against all three victims which constitute child molestation and that Lucille committed these acts while she and the other victims were under Lucille's care and supervision. (The descriptions of the alleged acts of child molestation given by these witnesses are similar to the acts of child molestation allegedly committed by defendant.) The victim of Count 6 of the indictment testified and affirmed that her cousin Lucille babysat her and the other victims, but she repeatedly refuted her sisters' testimony that Lucille committed acts against the children which constitute child molestation. Lucille testified and denied committing acts against the victims which constitute child molestation. From this and other evidence the trial court determined that there was no reasonable probability that the previous allegations made against Lucille by the victims of Counts 2 and 4 of the indictment were false. We find this conclusion erroneous.

Under Georgia law, the definition for "reasonable probability" is well settled. "[A] reasonable probability is 'a probability sufficient to undermine confidence in the outcome.' *Lloyd v. State*, 258 Ga. 645, 647 (373 SE2d 1). See *Gaither v. Cannida*, 258 Ga. 557, 559 (372 SE2d 429)." *Ellison v. State*, 198 Ga. App. 75 (1), 76, supra. In the case sub judice, it is our view that the trial court abused its discretion in determining that there was no reasonable probability that at least two of the victims made prior false allegations of child molestation. The victim of Count 6 of the indictment directly refuted her sisters' allegation that Lucille committed acts against the children which constitute child molestation and Lucille denied allegations that she molested the victims. This evidence, evidence that the prior allegations of child molestation were made against a woman who also babysat the victims and evidence that the prior allegations of child molestation were similar to the acts allegedly performed against the victims by defendant authorize introduction of evidence of the victims' prior false allegations of child molestation against another person who babysat the victims. Consequently, the trial court erred in excluding the defendant's evidence of prior false accusations. *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158).

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1992.

*Summer & Summer, Chandelle T. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant Dis-*

*trict Attorney*, for appellee.