A93A1541. ALLEN v. THE STATE.

(436 SE2d 559)

BLACKBURN, Judge.

The appellant, Eric Allen, was convicted of child molestation of his 11-year-old niece, and sentenced to 15 years' imprisonment. This

appeal follows the denial of his motion for new trial.

At the trial, the victim testified about an incident in which Allen told her to go to the bedroom in his trailer, where he pushed her onto the bed, took off her clothes, and engaged in anal and vaginal intercourse with her. Evidence of a similar transaction involving an eight-year-old niece of the appellant was also admitted. Allen testified and acknowledged pleading guilty to molesting his other niece, for which he already was in prison, but he denied molesting the victim in this case.

1. Prior to the trial, the trial court granted the State's motion in limine to exclude any evidence regarding sexual promiscuity of the victim involving any other person, pursuant to OCGA § 24-2-3. On cross-examination of the victim during the trial, defense counsel asked if she had accused her stepfather of molesting her about six months earlier, and the State objected on the grounds that it was prohibited by the trial court's ruling on the motion in limine. Defense counsel argued that such evidence was admissible to show the victim's "state of mind and that she has a penchant for making charges of this type," but the trial court disallowed the inquiry.

In *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), the Supreme Court held that the rape-shield law does not prohibit evidence of prior *false* allegations of sexual misconduct made by the victim against men other than the defendant. However, before such evidence may be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists.

In the instant case, in arguing for the admission of the evidence, defense counsel made no claim that any allegations against the victim's stepfather were false. Further, defense counsel asked the victim the question without first requesting the trial court to determine the admissibility of the line of inquiry outside the jury's presence. Under these circumstances, the trial court properly disallowed the inquiry.

2. Allen contends that the trial court erred in denying his motion for mistrial, on the grounds that he appeared before the jury "bound and shackled and accompanied by a deputy sheriff into the courthouse." However, the record actually shows that Allen was brought back from lunch recess wearing handcuffs, which were removed before he entered the courtroom. He did pass by the jury room, but only one juror was back from lunch and, according to the jury bailiff, that juror could not have seen the removal of the handcuffs from where she sat. "Absent justifying circumstances, the defendant normally should not be seen by the jury handcuffed in the courtroom or courthouse. However, where one or more jurors by chance see the defendant in handcuffs outside the courtroom, it is not error to deny a motion for mistrial." *Gates v. State*, 244 Ga. 587, 593 (261 SE2d 349) (1979).

3. Allen called as a witness his nephew, Richard Virgil, who testified that originally he gave a statement concerning the allegations in this case because he had been mad at Allen for having molested his other cousin, but that he had subsequently recanted the statement. On cross-examination, Virgil recalled his original statement, detailing how on three occasions Allen had forced him to have sexual intercourse with the victim. Allen enumerates several related errors associated with Virgil's testimony.

Initially, he contends that the trial court erred in allowing the state to intimidate the witness by advising him of the *Miranda* warnings and of his Fifth Amendment right not to incriminate himself. However, OCGA § 24-9-27 (a) provides in part that no witness shall be required to testify as to any matter that may criminate himself or bring infamy, disgrace, or public contempt upon himself or a family member. Virgil was 14 years old at the time of the molestation of the victim, and 18 years old at the time of the trial. Because of the contents of his earlier statement, there was a possibility that Virgil may be charged with felony offenses himself. Under these circumstances, it was entirely appropriate to advise Virgil of his rights before he testified.

Allen further contends that the prosecutor intimidated Virgil before the trial by threatening that he could receive up to twenty years in jail on each of three offenses if he did not testify as to what was reported in his original statement, and during the trial by reminding him of his failure to take a polygraph test that had been proposed by the State and initially agreed upon by Virgil. The record contradicts that contention regarding the pretrial confrontation, as on cross-examination Virgil conceded that the prosecutor had never told him to say anything other than the truth. Concerning the polygraph, the inquiry about the State having proposed such a test to resolve Virgil's conflicting statements was an appropriate impeachment of Virgil's initial claim during trial that the prosecutor had instructed him to testify a certain way. OCGA § 24-9-82, generally; *Miller v. State*, 260 Ga. 133 (3) (390 SE2d 50) (1990).

The trial court properly denied Allen's motion for mistrial based upon this reference to a polygraph test having been proposed by the State, agreed upon by Virgil, and then never taken. In Georgia, the *results* of polygraphs are admissible upon express stipulation by the parties, but all other evidence concerning polygraphs is nonprobative and inadmissible. However, not every reference to a polygraph requires reversal. *Brown v. State*, 175 Ga. App. 246 (333 SE2d 124) (1985). The instant case involves merely a reference to the proposed polygraph, which was necessary to impeach Virgil's trial testimony regarding the State's alleged efforts to intimidate him.

We also reject Allen's contention that the trial court erred in al-

lowing the State to ask Virgil about the contents of his original statement implicating Allen, on the grounds that such introduced evidence of the victim's sexual promiscuity in violation of the State's own motion in limine. In the first place, the statement detailed the sexual abuse of the victim at Allen's instigation, and not evidence of sexual promiscuity excluded pursuant to the State's motion. Secondly, the trial court properly admitted the evidence as a prior inconsistent statement by Virgil. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

4. During closing argument, defense counsel asserted that the procedural rules in the criminal prosecution made it difficult for him to present a defense. In response to that suggestion that the rules were slanted in favor of the prosecution, the State reminded the jury that the defendant had twice as many jury strikes as did the State. Defense counsel then objected on the grounds of relevance, and moved for mistrial.

The proper range of comment by counsel during closing argument is within the discretion of the trial court. *Mathis v. State*, 171 Ga. App. 620 (320 SE2d 861) (1984). Counsel is usually given a wide latitude in closing argument. See *Hicks v. State*, 256 Ga. 715 (23) (352 SE2d 762) (1987). In the instant case, the trial court denied the motion for mistrial after noting that it had previously advised the jury about the juror selection process, and that the State's reminder thus was merely repetitive. We find no abuse of discretion in the denial of the motion for mistrial.

5. Lastly, Allen contends that the cumulative effect of the alleged errors enumerated about resulted in a denial of his right to a fair trial. However, "[t]his state does not follow a cumulative error rule of prejudice. Any error of record must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." (Citations and punctuation omitted.) *Thompson v. State*, 201 Ga. App. 646, 649 (411 SE2d 886) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 1993.

*Dunaway & Wallace, Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Robert G. Dunn III, Assistant District Attorney*, for appellee.