## A96A0791. LANE v. THE STATE.
(479 SE2d 350)

RUFFIN, Judge.

A jury convicted George Lane of two counts of child molestation. Lane appeals from the trial court's judgment of conviction and the denial of his motion for new trial. We affirm.

1. Lane asserts the trial court erred in denying his motion for directed verdict. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Lane] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866) (1995).

Viewed in this light, the evidence at trial showed that Lane's son married the victim's mother. From October 1991 to December 1993, the victim, her brother, their mother and Lane's son lived with Lane on his property in Pike County. During this time, Lane committed the offenses by molesting the victim in her brother's presence. See OCGA § 16-6-4 (a). In 1994, a Department of Family & Children Services' ("DFCS") caseworker interviewed the victim, who was five years old at the time. The victim told the caseworker that Lane "took her hand and rubbed it . . . [and] also touched her private." Using drawings, the victim showed the caseworker "that her private was her vaginal area, and that the rubbing it was the male penis on the male drawing [sic]." Similarly, a deputy sheriff with the Pike County Sheriff's Department testified that the victim told him that Lane let her "play with his privates" and that it had happened many times.

Two other witnesses provided similar testimony. The victim's brother, who was nine years old at the time of trial, testified that when his mother and stepfather were at work, he would watch television with Lane and the victim. He stated that Lane and the victim would lie on the floor and he could see her "play with George Lane's private." The victim's brother testified that this happened more than once. Finally, the State presented similar transaction evidence showing that in 1989 Lane molested his natural granddaughter by taking

her hand and putting it on his penis.

In light of this testimony, there was "ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that [Lane] was guilty of the offenses of which convicted. *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]." *Ogles,* supra at 93.

2. Lane asserts the trial court erred when it excused a prospective juror for cause. We disagree.

The voir dire transcript shows that the juror answered positively to the following question: "[H]ave you for any reason formed and expressed any opinion in regard to the guilt or innocence of the accused, George Lane?" Upon further questioning, the juror stated that she would listen to the evidence, but also stated that "I just really don't believe that he's guilty. I mean, you know, that's all I can say. In my heart—."

"Challenges to individual jurors such as the one at issue here are based on admissions of the juror or facts and circumstances which raise a suspicion that the juror is actually biased for or against one of the parties. [Cit.]" *Perry v. State*, 264 Ga. 524, 525 (2) (448 SE2d 444) (1994). And, although a defendant is presumed innocent, where a prospective juror is not impartial and shows some bias in favor of a defendant, that juror is subject to be excused for cause. Id. A reading of the record in this case shows that the prospective juror accorded the defendant more than just the presumption of innocence, but that she had actually prejudged the case. "The decision as to whether or not to discharge the prospective juror is within the discretion of the court. [Cit.]" Id. Because the prospective juror's responses in this case showed a leaning or bias in favor of Lane, the trial court did not abuse its discretion in excusing her for cause. Id.

3. Lane asserts the trial court erred in admitting certain similar transaction testimony. The transcript shows that when the similar transaction witness began to testify, Lane's attorney moved the court as follows: "I would request limiting instructions to the jury contemporaneously with any testimony or any evidence of the similar transactions being presented." The trial court gave Lane's requested instruction, and thereafter, a DFCS caseworker testified that in 1989 she investigated a report that Lane molested his granddaughter, who was six years old at the time. In her testimony, the caseworker related the granddaughter's statement that "Lane had taken her hand and put it on his private." Lane did not object to the caseworker's testimony, and appellate courts have no alacrity for embraced error.

Lane's request for a limiting instruction, accompanied by his failure to object to the testimony, must be construed as a waiver of any objection he may have had to the testimony. It is well settled in

this state that "it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Citations and punctuation omitted.) *Curtis v. State*, 212 Ga. App. 237, 239 (4) (441 SE2d 776) (1994). Furthermore, Lane did not move in limine to have the court prohibit the testimony, and there is nothing indicating that he was dissatisfied with the court's handling of his request for a contemporaneous limiting instruction or the testimony that followed. " 'In no case will the trial judge's ruling be reversed for not going further than requested.' [Cit.]" *Garner v. Victory Express*, 264 Ga. 171, 173 (2) (442 SE2d 455) (1994). Accordingly, we find no error.

4. Lane asserts the trial court erred in refusing to require the State to provide him with a copy of a videotaped interview of the victim which purportedly contains exculpatory evidence. The trial judge examined the videotape in camera and informed the parties that he would not order the State to produce it unless the State planned to introduce it at trial. The court subsequently denied Lane's request that the tape be sealed for appellate review.

"Georgia law does not provide that statements given prior to trial by key prosecution witnesses be generally made available for discovery by the defendant in a criminal case. It is well-recognized that *Brady* [*v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)] does not require the prosecution to open its file for general inspection by the defense or for pre-trial discovery. Accordingly, [Lane's] complaint that he was not provided with a copy of the [videotape] for his own inspection is without merit; this is not required under the holding in *Brady* or its progeny." (Citations and punctuation omitted.) *Boatright v. State*, 192 Ga. App. 112, 113 (2) (385 SE2d 298) (1989). "Under the attendant circumstances the trial court's prior examination in camera of the [videotape] was an adequate in camera inspection to satisfy the requirements of *Brady* and its progeny." Id. See also *Stewart v. State*, 210 Ga. App. 474 (3) (436 SE2d 679) (1993).

Neither do we agree with Lane that the judgment should be reversed because the trial court failed to include the videotape in the record for appellate review. Lane has "not made a timely motion to this court requesting that we order [the tape] forwarded for review. As a general rule, we will not call up the state's files for review unless the appellant can show cause, by showing that particular evidence was suppressed which was material [and exculpatory]." (Citation and punctuation omitted.) *Boatright*, supra at 113; *Gibby v. State*, 213 Ga. App. 20 (4) (443 SE2d 852) (1994).

In this case, Lane "has failed to show that any of the withheld information was material and exculpatory; his general assertion that something in the [videotape] would have cast doubt on the reliability

of the [victim's] statements is not enough. [Cit.]" Id. at 23-24. Under these circumstances, "[w]e see no need to depart from this rule in this case. Moreover, [Lane has] now waived any right [he] may have had to assert as error the trial court's failure to seal and forward the video tape . . . with the trial record. [Cit.]" *Boatright*, supra at 113. See also *Gibby*, supra. Accordingly, this enumeration is without merit.

5. Lane asserts the trial court erred in limiting his examination of a witness. The court prohibited Lane from asking a witness whether the victim's mother in this case had falsely accused the witness of molesting the victim on a prior occasion. Lane contends the question was relevant because the mother also complained of the molestation in this case and the prior false allegation reflects on her credibility. However, Lane has failed to cite any evidence in the record showing the mother complained of the sexual misconduct in this case. We will not search the record for such evidence. Court of Appeals Rule 27 (c) (3) (i). Accordingly, Lane's contention that the question was relevant is not supported by the record.

Moreover, Lane's contention that such questioning is proper under *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989) is without merit. The rule announced in *Smith* concerns "admission of testimony regarding the *victim's* alleged past false accusations against persons other than the defendant." (Emphasis supplied.) Id. at 136. The Supreme Court ruled that such testimony is permissible because it shows "the *victim's* propensity to make false statements regarding sexual misconduct. [Cits.]" (Emphasis supplied.) Id. at 137 (1).

In this case, however, the testimony related to the propensity of the victim's mother to falsely accuse others of sexual misconduct. Because Lane has not cited any evidence that the victim's mother reported the molestation in this case, we need not decide whether the rule in *Smith* applies to such facts. Without such evidence, the mother's past conduct in reporting sexual misconduct is of questionable, if any, relevance. See *Moclaire v. State*, 215 Ga. App. 360 (7) (451 SE2d 68) (1994) (evidence is relevant if it tends to prove or disprove material fact at issue in case). Under these circumstances, the trial court did not abuse its discretion in limiting Lane's examination of this witness. See id.

6. Lane asserts the trial court erred in denying his motion to quash the indictment because it did not allege a specific date on which the offense occurred.

The indictment alleged that the offenses occurred "between October, 1991, & December [1993]. . . ." "This was a sufficient allegation as to dates. . . . [Lane] offered no alibi evidence, nor did he at any time request a continuance on the ground of surprise, nor did he otherwise express a need for additional time to rebut any evidence

presented by the state. Consequently, it does not appear that the failure to allege the specific date[s] of the offense[s] in the indictment materially affected his ability to present a defense." (Citation and punctuation omitted.) *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989). Thus, the trial court did not err in denying Lane's motion. Id.

7. Finally, Lane asserts the trial court erred in excluding the testimony of his expert witness, Dr. James Stark. Lane tendered Dr. Stark as an expert on techniques used by law enforcement and caseworkers and how those techniques could cause false memories or mistaken attributions on the part of children.

"The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-9-67. However, "[g]enerally, an expert cannot state his opinion based upon facts not within his personal knowledge which are not otherwise admitted in evidence. [Cit.]" *Brown v. State*, 206 Ga. App. 800, 801 (427 SE2d 9) (1992).

In this case, Lane has not shown that Dr. Stark's proffered testimony was based upon facts within his knowledge or facts admitted in evidence. The admission of such testimony rests within the trial court's sole discretion. *Stewart*, supra at 476. Under the circumstances, Lane has not shown that the trial court abused its discretion.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JULY 11, 1996 —
RECONSIDERATION DENIED DECEMBER 4, 1996 — 

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.