496 S.E.2d 771 (1998)
230 Ga. App. 460
WAND
v.
The STATE.
No. A97A1989.
Court of Appeals of Georgia.
February 5, 1998.
*772 William H. Newton III, Rome, for appellant.
Tambra P. Colston, District Attorney, Bryant G. Speed II, Assistant District Attorney, for appellee.
BEASLEY, Judge.
Convicted of child molestation (OCGA § 16-6-4(a)) and giving a false name (OCGA § 16-10-25), Jeffrey Wand appeals the molestation conviction on two grounds: insufficient evidence and error in disallowing cross-examination of the victim's mother about prior allegations of sexual abuse against the victim. Beyond the general grounds, the issues are (a) whether previous molestation accusations (whether true or false) are admissible in a child molestation case to explain the victim's lack of a hymen or to attack the mother's credibility, and (b) whether Wand's
failure to proffer evidence of the truth or falsity of the prior allegations, or to request a hearing on them, precluded cross-examination about them.
1. The standard of review for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] In this context, "`appellant no longer enjoys a presumption of innocence[, and a]n appellate court determines only the legal sufficiency of the evidence ... and does not weigh [it] or assess the credibility of the witnesses. [Cits.]' [Cit.]"[2]
One Saturday, Wand, his wife, his 13-year-old stepdaughter and his brother-in-law were watching a movie in the living room. The stepdaughter went into her mother's bedroom to pet the family dog. Wand soon followed and demanded she remove her clothes. When she refused, he forcibly removed them, pulled out his organ, laid down on top of her, and kissed her "all over." She testified he then had sexual intercourse with her. The mother walked into the bedroom, witnessed him on top of her daughter engaging in sexual activity, and saw and heard him jump up and exclaim, "It's her fault!" She demanded he leave, which he did. The victim testified he had also engaged in sexual intercourse with her the preceding two or three Saturdays. This evidence is more than sufficient to sustain a child molestation conviction.
The proof is not undermined by the failure of the emergency room physician to discover any visible evidence of molestation. The physician testified he would expect to find such in only about one-third of the cases where sexual activity had occurred. Evidence the mother had a motive to fabricate a story and to coach the victim so as to get rid of Wand simply presents a jury issue. "`The jurors are the judges of credibility and weight of the evidence; they see and hear the witnesses and are better qualified to *773 judge the reasonableness of a hypothesis or a doubt than the appellate court.'"[3]
Wand argues that his acquittals of rape (OCGA § 16-6-1), statutory rape (OCGA § 16-6-3), and incest (OCGA § 16-6-22) mean that no intercourse took place, and thus there is no evidence of molestation. He relies on the inconsistent verdict rule, but it has been abolished in Georgia.[4] Besides, there is no inconsistency. The acquittals simply mean the jury found insufficient evidence of penetration, which is not an element of child molestation.[5] His other acts independently suffice to sustain the conviction.[6]
2. As to the court's refusal to allow Wand to cross-examine the victim's mother about her daughter's prior allegations of sexual abuse against the child, Wand argued a two-fold purpose for the evidence: if the prior allegations of the child were false, they would show the current allegations are unfounded; if true, they would offer an alternative explanation for the medical evidence that the victim had no hymen. Appellant acknowledges the standard of review, which is that the "scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused. [Cits.]"[7]
(a) First, any limits on examining the mother about these prior allegations were harmless, for Wand had earlier cross-examined the victim about them with no objection. She confirmed that her mother had made the accusations and, in response to Wand's direct question, testified that the accusations were true.
In Duck v. State[8] the trial court did not allow defendant to cross-examine a psychiatrist about another alleged molestation against the victim but did allow these questions to the victim and her stepmother. Although Duck held the court should have allowed these questions to the psychiatrist, Duck found the error harmless where other witnesses answered them.[9]
(b) Second, the court correctly limited inquiry into the prior allegations. Wand established through cross-examination of the child that the prior molestations in fact did occur, and Wand did not challenge or seek to undermine this testimony. He did not question her further about it at all.
Nor did Wand at any point proffer any evidence that the prior molestations did not occur. When the court inquired as to the relevancy of Wand later cross-examining the mother about her reporting the prior molestations, Wand initially claimed he wanted to prove the mother's prior reports of molestation were false. When the court pointed out the allegations came from the child, not from the mother who was merely reporting the child's statements, Wand abandoned this tactic and took the position that the allegations (which he had already established through the child were true) would explain the child's lack of a hymen. Wand did not suggest nor proffer any evidence to show the allegations were false or that the mother had coached the child into making false prior allegations.
Even if Wand had continued to pursue the rationale that the child's prior allegations were false, his cross-examining the mother about them was excludable. Some cases rely on the Rape Shield Statute (OCGA § 24-2-3) *774 for limiting such inquiries.[10] Even without it, a sound basis for exclusion in child molestation prosecutions is the common law principle of relevancy.
In a child molestation prosecution, evidence pertaining to other molestations of the child is admissible as a matter of common law under certain limited circumstances. Wilson v. State[11] enumerates them: (a) to show that someone other than defendant caused the injuries to the child;[12] (b) to show lack of victim credibility if the victim's prior allegations of molestation were false;[13] and (c) to show other possible causes for the symptoms exhibited.[14]
In this case, as in Woods v. State,[15] the common law governs whether in defending against the child molestation charge Wand could cross-examine the mother about her reporting the child's prior allegations of molestation. It is excludable, and thus it is unnecessary to determine the applicability of the Rape Shield Statute.
(c) Wand's purpose for showing the allegations of prior molestation were false does not win admissibility. "Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than the accused, is inadmissible."[16] Under the common law requirement of relevancy, evidence of false allegations is admissible only "to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur."[17]
But the common law rule of relevancy generally applies to show false accusations made by the victim, not the victim's mother. In Lane v. State[18] the trial court prohibited the defendant from asking a witness about the victim's mother having falsely accused that witness of child molestation. Citing Smith v. State,[19] the defendant claimed the questioning was proper. Lane held that the "rule announced in Smith concerns admission of testimony regarding the victim's alleged past false accusations against persons other than the defendant. The Supreme Court ruled that such testimony is permissible because it shows the victim's propensity to make false statements regarding sexual misconduct."[20] Showing the victim made previous false allegations is directly relevant to the question of defendant's guilt; showing the victim's mother reported those allegations does not affect the victim's credibility. The relevance of the mother's reporting is marginal.[21]
(d) Even if the Smith rule (false accusations are relevant to show credibility) were *775 applicable, Wand failed to follow the procedure required to introduce evidence of false accusations. Smith and its progeny have emphasized: "before such evidence can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists."[22] As in Allen, Wand "asked the victim the question without first requesting the trial court to determine the admissibility of the line of inquiry outside the jury's presence. Under these circumstances, the trial court properly disallowed the inquiry."[23]
(e) Nor did Wand proffer what evidence would have been introduced at either a Smith hearing or at trial had the hearing or questioning taken place. The defendant in Hicks v. State[24] proffered no evidence in the Smith hearing that the victim's allegations of past sexual abuse were false. Hicks upheld the exclusion of prior false allegations.[25]
The rule is stated and applied in Thompson v. State:[26] "`Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. (Cit.) The record in the instant case does not show that such witnesses were proffered, or if when proffered the court refused to permit the witnesses to testify, or if proffered what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court.' [Cit.]"[27]
(f) Wand's second alleged purpose for the testimony was to show that the allegations of prior molestation were true and that this explained the victim's lack of a hymen. Yet when the court pointed out to Wand no one had argued or testified that the child's hymen had been lost from a sexual act with Wand, and that a child could lose her hymen from many non-sexual causes, Wand agreed "[a]bsolutely." Wand thus conceded a rationale that rendered any further inquiry into this area irrelevant.
Moreover, under the common law, such evidence is inadmissible. Lemacks[28] held that prior molestation evidence is admissible to explain the medical evidence showing repeated penetration of the victim's anus and vagina.[29] But the physician here found no evidence of injuries. Nor did his testimony that the hymen was absent open the door for this testimony. First, the physician testified the child had not lost her hymen in the few weeks preceding his examination, which ruled out the incident on trial as the cause. Second, the State did not argue that Wand's actions caused the lack of a hymen.[30] The court forbade it. Third, by acquitting Wand *776 of rape, statutory rape, and incest, the jury obviously found Wand did not penetrate the victim, so the lack of an alternative explanation for the absence of a hymen was harmless. Finally, Wand proffered no evidence that the previous molestations involved penetration. Absent such, other molestations would be irrelevant in explaining the absence of a hymen.[31]
The trial court did not abuse its discretion in limiting the cross-examination of the victim's mother about prior allegations of molestation.
Judgment affirmed.
McMURRAY, P.J., and SMITH, J., concur specially and in the judgment.
McMURRAY, Presiding Judge, concurring specially and in the judgment.
I am compelled to concur in the judgment only because the majority's harmless error holding in Division (2)(a) disarms any bid at criticizing or overruling or disapproving cases which apply Georgia's Rape Shield Statute in child molestation prosecutions.
In Division (2)(a), the majority holds that any error in the trial court's refusal to allow defendant to cross-examine a witness about the victim's prior allegations of sexual abuse is harmless because the same subject was covered, without objection, during the victim's cross-examination. Because this is the proper resolution of the issue in question, this Court is powerless to attempt to effectively overrule any case extending Rape Shield protection to children. Statements and comments in an opinion concerning a rule of law or legal principle which are not essential to resolve the case are obiter dicta and lack the force of an adjudication. Veal v. Barber, 197 Ga. 555, 560(1), 561, 30 S.E.2d 252. Consequently, the majority's words in Divisions (2)(b), (c), (d), and (e) and (3) do not cancel any rule applying Georgia's Rape Shield Statute in child molestation cases.
SMITH, Judge, concurring specially.
I concur in the judgment but write separately to express my concerns about the admissibility of the victim's mother's alleged prior false allegations of sexual abuse against the victim as discussed in Division (2)(c). I cannot follow the majority's lead in so wholeheartedly dismissing such allegations as inadmissible.
I question whether Smith v. State, 259 Ga. 135, 377 S.E.2d 158 (1989), should be cited as authority for adopting a "black letter" rule that only the victim's alleged prior false allegations may be admissible. First, although that case involved a factual situation in which the victim allegedly made false allegations, the Court did not appear to expressly limit its holding to such a factual scenario.
Second, under Smith and its progeny, it is indeed well established that prior false allegations by a victim do not violate the rape shield statute, OCGA § 24-2-3. But I am not convinced that the logic underlying this principle as applied to a victim's testimony is always inapplicable to evidence of prior false allegations by another individual. In either case, it is not the sexual behavior per se of the victim that is attacked in such testimony. As stated in Lemacks v. State, 207 Ga.App. 160, 161, 427 S.E.2d 536 (1993), "a prior [molestation] committed against the victim has nothing whatsoever to do with her past sexual behavior. It is no reflection on [the victim's] character that [she] has been an unwilling victim of prior crimes." (Punctuation and emphasis omitted.) It is the credibility of the allegation against the defendant that is attacked, and this is affected regardless of whether it is the victim herself or a third person who may have fabricated the accusation. I cannot agree that the relevance of the mother's credibility in this case is "marginal," as stated by the majority. She reported the alleged incident to the police, and alleged evidence of prior similar false allegations could impact on her credibility and propensity for making such allegations.
Despite my reservations over the excludability of the mother's alleged prior false allegations *777 of child molestation, however, in this case I am compelled to concur in the judgment. Even if Smith might apply to this case, Wand failed to proffer evidence that any alleged prior allegations were false, and as noted by the majority, such a proffer is essential to our consideration of the issue. See, e.g., Thompson v. State, 187 Ga.App. 152, 153, 369 S.E.2d 523 (1988).
NOTES
[1] (Emphasis omitted.) Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
[2] Hight v. State, 221 Ga.App. 574, 575(1), 472 S.E.2d 113 (1996).
[3] Gentry v. State, 215 Ga.App. 270(1), 450 S.E.2d 304 (1994).
[4] Hill v. State, 183 Ga.App. 654, 655(1), 360 S.E.2d 4 (1987).
[5] See OCGA § 16-6-4(a).
[6] See Hathcock v. State, 214 Ga.App. 188, 189-190(2), 447 S.E.2d 104 (1994) (exposure alone is sufficient).
[7] Chastain v. State, 257 Ga. 54, 55, 354 S.E.2d 421 (1987); see Cantrell v. State, 225 Ga.App. 680, 681, 484 S.E.2d 751 (1997).
[8] 210 Ga.App. 205, 206(2), 435 S.E.2d 725 (1993), overruled on other grounds, Strickland v. State, 223 Ga.App. 772, 479 S.E.2d 125 (1996).
[9] Id.; see Proper v. State, 208 Ga.App. 471, 472(1), 431 S.E.2d 133 (1993) (where defense counsel had alternative mechanism to pursue theory, no harm to limit cross-examination), overruled on other grounds, Strickland, 223 Ga. App. 772, 479 S.E.2d 125.
[10] McGarity v. State, 224 Ga.App. 302, 303(1), 480 S.E.2d 319 (1997); see Peters v. State, 224 Ga.App. 837, 839(4), 481 S.E.2d 898 (1997); Flowers v. State, 220 Ga.App. 814, 816-817(5), 468 S.E.2d 199 (1996), overruled on other grounds, Strickland, 223 Ga.App. 772, 479 S.E.2d 125;; Allen v. State, 210 Ga.App. 447, 448(1), 436 S.E.2d 559 (1993); Rouse v. State, 204 Ga.App. 845, 847(2), 420 S.E.2d 779 (1992); Snyder v. State, 201 Ga.App. 66, 67-68(5), 410 S.E.2d 173 (1991); Martin v. State, 196 Ga.App. 145, 147(3), 395 S.E.2d 391 (1990); Brown v. State, 173 Ga.App. 640, 641(1), 327 S.E.2d 515 (1985).
[11] 210 Ga.App. 705, 706-707(1), 436 S.E.2d 732 (1993).
[12] See Lemacks v. State, 207 Ga.App. 160, 161, 427 S.E.2d 536 (1993).
[13] See Strickland v. State, 205 Ga.App. 473, 422 S.E.2d 312 (1992).
[14] See Hall v. State, 196 Ga.App. 523, 524-525(2), 396 S.E.2d 271 (1990); Moody v. State, 205 Ga.App. 376, 377-378(3), 422 S.E.2d 70 (1992); Marion v. State, 206 Ga.App. 159, 160(1), 424 S.E.2d 838 (1992).
[15] 187 Ga.App. 105(1), 369 S.E.2d 353 (1988).
[16] (Punctuation omitted.) Marion, 206 Ga.App. at 159(1), 424 S.E.2d 838; Chastain, 257 Ga. at 55, 354 S.E.2d 421.
[17] Smith v. State, 259 Ga. 135, 137(1), 377 S.E.2d 158 (1989); see Dupree v. State, 206 Ga. App. 4, 5(2), 424 S.E.2d 316 (1992).
[18] 223 Ga.App. 740, 743(5), 479 S.E.2d 350 (1996).
[19] 259 Ga. at 137(1), 377 S.E.2d 158.
[20] (Citations and punctuation omitted; emphasis in original.) 223 Ga.App. at 743(5), 479 S.E.2d 350.
[21] See Washington v. State, 225 Ga.App. 262, 263(2), 483 S.E.2d 683 (1997) (argument that mother had a grudge against defendant and had coached the victim insufficient to allow in evidence of vague prior molestation).
[22] (Citation and punctuation omitted.) Smith, 259 Ga. at 137(1), 377 S.E.2d 158; see Berry v. State, 210 Ga.App. 789, 790(1), 437 S.E.2d 630 (1993); Allen, 210 Ga.App. at 448(1), 436 S.E.2d 559; Humphrey v. State, 207 Ga.App. 472, 475-476(2), 428 S.E.2d 362 (1993).
[23] 210 Ga.App. at 448(1), 436 S.E.2d 559. Compare Peters, 224 Ga.App. at 839(4), 481 S.E.2d 898 (court refused to conduct Smith hearing after request); Berry, 210 Ga.App. at 789-790(1), 437 S.E.2d 630 (court refused hearing after request).
[24] 222 Ga.App. 828, 829-830(1), 476 S.E.2d 101 (1996).
[25] See Hines v. State, 221 Ga.App. 193, 195, 470 S.E.2d 787 (1996) ("Because no evidence had been presented at the time of this proffer to support a theory that the allegations ... were false, the trial court did not err in keeping [the prior molestation testimony] from the jury"); Eason v. State, 215 Ga.App. 614, 615(1), 451 S.E.2d 820 (1994) (burden on defendant to produce sufficient evidence of falsity).
[26] 187 Ga.App. 152, 369 S.E.2d 523 (1988).
[27] Id. at 153-154, 369 S.E.2d 523; see Dent v. State, 220 Ga.App. 147, 148-149(3), 469 S.E.2d 311 (1996) (counsel failed to proffer substance of evidence of false accusations; testimony excluded).
[28] 207 Ga.App. 160-161, 427 S.E.2d 536.
[29] Compare Hall, 196 Ga.App. at 524-526(2), 396 S.E.2d 271 (defendant may introduce prior molestations to explain State's evidence of child abuse accommodation syndrome).
[30] See McGarity, 224 Ga.App. at 304(1), 480 S.E.2d 319 (State did not argue child's testimony was more credible because of her knowledge of sexual matters; not error to exclude evidence of prior molestations).
[31] See Rouse, 204 Ga.App. at 846(1), 420 S.E.2d 779 (defendant failed to show other molester had gonorrhea; thus, evidence of other molestation as source of victim's gonorrhea properly excluded).