### A99A0664. TRUSTY v. THE STATE.
(517 SE2d 91)

Judge Harold R. Banke.

Convicted of rape and of enticing a child for indecent purposes, Curtis Trusty appeals on two grounds: insufficient evidence of penetration and the court's refusal to allow him to cross-examine a witness on prior false accusations of molestation by the child victim. *Held*:

1. OCGA § 16-6-1 (a) provides: "A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." "In a rape case, penetration may be proved by indirect or circumstantial evidence." (Citations omitted.) *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974); see *Ortiz v. State*, 222 Ga. App. 432 (1) (474 SE2d 300) (1996).

Viewed in the light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to have found penetration beyond a reasonable doubt. The victim's thirteen-year-old brother, who was an eyewitness to the incident and who himself had had vaginal intercourse with the eight-year-old victim, testified that Trusty was "[h]aving sex" with the victim, which phrase meant pene-

tration by his own definition. See *Fields v. State*, 216 Ga. App. 184, 187 (2) (453 SE2d 794) (1995) (testimony that he " 'forced me to have sex with him' " is evidence of penetration). He further testified that he and Trusty "did the same thing" to his sister, and that during the incident Trusty engaged in physical motions indicative of vaginal intercourse. See *Gido v. State*, 216 Ga. App. 330, 331 (1) (454 SE2d 201) (1995).

The victim herself testified that Trusty did the same thing to her that her brother had done, which she explained (based on her having viewed a human reproduction video) was an adult act necessary to have babies. She further indicated to the child abuse investigator that Trusty's "penis entered her vagina." As in *Richie v. State*, 183 Ga. App. 248, 250 (1) (358 SE2d 648) (1987): "Her reluctance [at trial] to actually name the aggressor's sex organ does not disallow a finding that that is what she meant and that that is what defendant was trying to insert in her." She even circled that portion of an anatomically-correct drawing when describing the act.

The evidence sufficed to sustain a rape conviction.

2. Trusty argues that the court erred in sustaining an objection to his questioning the victim's mother about prior false allegations of molestation.

> Evidence of prior false accusations of sexual misconduct made by the prosecutrix is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. However, before evidence of a prior false accusation can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists. Defendants have the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of sexual misconduct. Finally, a trial court's ruling upon the admissibility of such evidence will not be overturned absent an abuse of discretion.

(Citations and punctuation omitted.) *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998); see *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989).

As in *Allen v. State*, 210 Ga. App. 447, 448 (1) (436 SE2d 559) (1993), "defense counsel asked . . . the question without first requesting the trial court to determine the admissibility of the line of inquiry outside the jury's presence." Furthermore, Trusty made no claim below that any prior molestation allegations by the victim were false. Not only did he fail to proffer evidence of their falsity, but the

evidence was undisputed that the accusations against her brother (the only other allegations she made) were true. See *Hicks v. State*, 222 Ga. App. 828, 830 (1) (476 SE2d 101) (1996).

The court did not abuse its discretion in sustaining the objection. *Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 29, 1999.

*Turner & Willis, Christopher W. Willis,* for appellant.
*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney,* for appellee.