521 S.E.2d 918 (1999)
239 Ga. App. 787
In the Interest of M.G., a child.
No. A99A0966.
Court of Appeals of Georgia.
September 2, 1999.
*919 Torris J. Butterfield, Savannah, for appellant.
Paul L. Howard, Jr., District Attorney, Sally G. Butler, Christopher M. Quinn, Assistant District Attorneys, for appellee.
BARNES, Judge.
M.G. was adjudicated delinquent for the offense of child molestation by the Fulton County Juvenile Court. On appeal, he claims the juvenile court erred when it refused to allow him to cross-examine the State's "outcry" witness about previous false allegations of child molestation made by this witness. We affirm.
The record shows that M.G., a twelve-year-old boy, was charged with two counts of aggravated child molestation and one count of statutory rape after his four-year-old female cousin, Q.P., reported to her grandfather, G.G., that M.G. had placed his penis in her vagina, rear end, and mouth the day before. After hearing this report, Q.P.'s grandfather took her immediately to Grady Hospital for a medical examination. The doctor who examined Q.P. testified that she found redness around Q.P.'s rectal area and a "skin tag" that could have been caused by a child's penis, but she did not know "for sure."
During cross-examination by M.G.'s counsel, the victim's grandfather volunteered the following testimony, without objection:
I had another little niece of mine that I had took in custody from my brother that passed. I had a female that was bathing her. This happened in Macon. Even spoke with the District Attorney about this. This certain night that I thought that my friend had did something to this girl, I called the police the same way I did about [M.G.]. She kept digging and turning and jumped on this bed. I called the police.
We took her to the Macon General Hospital. They had a whole investigation about it. It was because I didn't want to touch the little girl. I didn't have a female friend in with me to really bathe her. I even had went to my sister's at times and asked her about bathing my baby because she wasn't bathing herself right.
This testimony was followed by a lengthy colloquy between the court and counsel about whether M.G.'s counsel could cross-examine the grandfather about Q.P.'s previous vaginal odors and infections. When M.G.'s counsel was directed to move to another line of questioning, he announced a proffer "that this witness has made allegations that other children in his care have been molested and defense wants to talk to him about those allegations because they proved to be false." After another colloquy between counsel and the court, the court apparently ruled, although it is not clear, that M.G.'s counsel would not be allowed to explore prior false allegations of molestation made by the grandfather. M.G.'s counsel then made another proffer, with no objection by the State, that he expected the evidence "to show that the grandfather has made prior allegations that children in his care have been molested, that investigations were conducted, and those allegations proved to be false." The record shows that this issue did not arise again.
In his sole enumeration of error, M.G. claims reversible error because the juvenile *920 court prevented him from establishing prior false allegations of child molestation by the outcry witness, the victim's grandfather. In his brief, however, M.G. points to only one prior false allegation of molestation by the grandfather: the incident involving his niece in Macon. Although the grandfather did volunteer information about this incident, M.G. apparently complains because he could not explore it further, particularly with regard to its falsity.
"The defendant in a child molestation case is entitled to a thorough and sifting cross-examination of the State's witnesses." Barlow v. State, 270 Ga. 54, 507 S.E.2d 416 (1998). "[H]owever, the scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused. [Cits.]" Chastain v. State, 257 Ga. 54, 55, 354 S.E.2d 421 (1987). "The trial court can exercise its discretion in keeping the questioning within reasonable bounds and in curtailing it if the inquiry is not relevant or material." (Citations and punctuation omitted.) Gilbert v. State, 193 Ga.App. 283, 286(3), 388 S.E.2d 18 (1989).
M.G. argues that he was entitled to cross-examine the grandfather about prior false allegations of molestation in order to attack the credibility of this outcry witness and show that he "had made very serious allegations of child molestation in the past based on the very innocent behavior of a child." Although this is an issue of first impression, we addressed similar issues in Letlow v. State, 222 Ga.App. 339, 342-343(2), 474 S.E.2d 211 (1996) and Wand v. State, 230 Ga.App. 460, 496 S.E.2d 771 (1998) (physical precedent only).
In Letlow, supra, we held that the trial court erred when it refused to allow the defendant to cross-examine the State's witness, who was not related to the victim, about the prior molestation of her own child. Id. Noting that great latitude should be allowed by a trial court when a party attempts to impeach or discredit a witness, we held that "a prior act of molestation committed against the child of a witness is relevant to show any possible bias against an accused child molester that the witness may entertain, unconsciously or deliberately." Id.
In Wand, supra, the appellant argued that the trial court improperly disallowed cross-examination of the victim's mother about her prior, allegedly false, allegations of sexual abuse of the victim. In this physical precedent only, panel decision, all of the judges agreed that the appellant's conviction should be affirmed.[1] They disagreed, however, about whether it is ever appropriate to cross-examine a non-victim witness about prior false allegations of molestation.
Judge Beasley wrote:
[T]he common law rule of relevancy generally applies to show false accusations made by the victim, not the victim's mother.... Showing the victim made previous false allegations is directly relevant to the question of defendant's guilt; showing the victim's mother reported those allegations does not affect the victim's credibility. The relevance of the mother's reporting is marginal.
Wand, supra, 230 Ga.App. at 463(2)(c), 496 S.E.2d 771.
In his special concurrence, Judge Smith questioned
whether Smith v. State, 259 Ga. 135, 377 S.E.2d 158 (1989), should be cited as authority for adopting a "black letter" rule that only the victim's alleged prior false allegations may be admissible. First, although that case involved a factual situation in which the victim allegedly made false allegations, the Court did not appear to expressly limit its holding to such a factual scenario. Second, ... I cannot agree that the relevance of the mother's credibility in this case is "marginal," as stated by the majority. She reported the alleged incident to the police, and the alleged evidence of prior similar false allegations could impact on her credibility and propensity for making such allegations.
Wand, supra, 230 Ga.App. at 466, 496 S.E.2d 771.
*921 The Constitutions of both the United States and the State of Georgia guarantee the right of a criminal defendant to confront the witnesses against him. U.S. Const., Amendment VI; Ga. Const. of 1983, Art. I, Sec. I, Par. XIV. This right to confrontation includes the right to cross-examine witnesses. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Lingerfelt v. State, 235 Ga. 139, 140, 218 S.E.2d 752 (1975).
The purpose of cross-examination is to provide a searching test of the intelligence, memory, accuracy, and veracity of the witnesses, and it is better for cross-examination to be too free than too much restricted. Wherever the purpose is to impeach or discredit the witness, great latitude should be allowed by the court in cross examinations.
(Citations and punctuation omitted.) Letlow, supra, 222 Ga.App. at 342, 474 S.E.2d 211.
In this case, the victim did not report that M.G. had molested her until after her grandfather repeatedly asked what was wrong with her. The grandfather testified that he asked these questions because the victim "just kept bouncing up and down" at a football game. Because the grandfather was the first to question the victim and report the alleged molestation, we find the trial court abused its discretion when it refused to allow the defendant to cross-examine him about a prior false allegation of molestation. Compare Lane v. State, 223 Ga.App. 740, 743(5), 479 S.E.2d 350 (1996) (holding no need to address this issue because no evidence witness who allegedly made a prior false allegation of molestation reported the molestation at issue).
We must now consider whether this error was harmless, because the appellant must show harm as well as error to prevail on appeal. We can affirm only if we conclude that it is highly probable that the error did not affect the judgment. Johnson v. State, 238 Ga. 59, 61, 230 S.E.2d 869 (1976). In this case, six witnesses, in addition to the grandfather, testified that the victim told them about M.G.'s molestation of her. Moreover, the victim also testified and was cross-examined at length about the circumstances under which she reported the molestation to her grandfather at the football game. Under these circumstances, it is highly probable that the lack of desired cross-examination did not contribute to M.G.'s delinquency adjudication. See Berry v. State, 235 Ga.App. 35, 38(2), 508 S.E.2d 435 (1998).
Judgment affirmed.
BLACKBURN, P.J., and ELLINGTON, J., concur.
NOTES
[1] Judge Beasley and Presiding Judge McMurray both concluded that any error was harmless. Judge Beasley also concluded, and Judge Smith agreed, that the failure of the defendant to proffer evidence that the prior allegations were false precluded this Court's review of the issue.