A92A0454. CHAMBERS v. THE STATE.
(421 SE2d 326)

ANDREWS, Judge.

Chambers appeals his conviction for incest and child molestation.

1. In his first enumeration of error, Chambers contends that the trial court erred in allowing the victim/witness director of the county district attorney's office to testify regarding the contents of a conversation she had with the victim. Chambers claims that the prosecution was barred from calling this witness because in doing so the prosecution essentially vouched for the credibility of one of its own staff members.

Pretermitting the issue of whether the objection was properly preserved, we find this argument without merit. We find no error in the trial court's decision allowing the victim/witness director to testify. See generally OCGA § 24-3-16. Chambers' argument that *Timberlake v. State,* 246 Ga. 488 (7) (271 SE2d 792) (1980), bars this testimony is without merit. See generally *Ware v. State,* 191 Ga. App. 896 (383 SE2d 368) (1989).

2. In his second enumeration, Chambers claims that the trial court erred in refusing to allow testimony from four witnesses regarding the victim's prior accusations of molestation by persons other

than Chambers and her subsequent retractions of those other accusations.

Chambers' argument is without merit. During the trial, the State introduced into evidence a videotape in which the victim admitted that she made a false accusation regarding sexual activity by a male other than Chambers, which accusation she subsequently retracted. During the videotape, the victim discussed both the false accusation and its retraction.

After the introduction of this testimony, Chambers sought to introduce testimony of witnesses who would testify to identical accusations by the victim regarding the same alleged sexual activity by the same male. Outside the presence of the jury, one of the witnesses was examined with regard to the alleged pattern of false accusations. The testimony which was presented was essentially a repetition of the victim's earlier videotaped admission of her false accusation.

Pretermitting the question of whether Chambers perfected the record for our review with respect to the expected testimony of three of the witnesses, see *Thompson v. State*, 187 Ga. App. 152 (369 SE2d 523) (1988), we find that the requirements of *Smith v. State*, 259 Ga. 135 (1) (377 SE2d 158) (1989), were satisfied by the admitted videotape of the prior accusation and retraction. Although *Smith* held that the rape shield protection of OCGA § 24-2-3 does not prohibit testimony of previous false allegations by the victim after a determination by the court of the falsity of such allegations, we do not read *Smith* as mandating the admission of this duplicate testimony. Here, the proffered testimony contained no additional information regarding the false accusations, the State had already impeached its own witness by presenting the evidence and there was no harmful error in the trial court's decision to exclude the testimony. See generally *Gibbs v. State*, 196 Ga. App. 140 (1) (395 SE2d 387) (1990).

3. Chambers argues that the trial court erred in excluding from evidence the contents of telephone conversations between the victim and her mother, which he sought to introduce through the testimony of several witnesses. Chambers claims that the conversations would have established a motive for the victim to falsely accuse Chambers. Chambers was allowed to pursue the issue of motive and does not cite any authority for allowing this hearsay evidence. We find no error in the trial court's exclusion of this evidence. See generally OCGA § 24-3-1; *Martin v. State*, 196 Ga. App. 145 (3) (395 SE2d 391) (1990).

4. In his fourth enumeration of error, Chambers contends that the trial court erred in refusing to allow him to introduce medical evidence of a sexually transmitted disease, gardnella vaginalis, for which the victim had tested positive. Chambers claims that the evidence would have indicated that he had not molested the victim and that he should have been permitted to introduce the evidence, not to

prove that the victim had engaged in sexual intercourse with other men, but to exclude the possibility that *he* had had intercourse with her.

There was medical testimony at trial that after the victim reported the acts of molestation, she was examined by a Dr. Connor in October 1990. The victim told Connor that she had been molested from approximately August 1989 until August 1990. Dr. Connor did not perform the clinical tests regarding gardnella vaginalis, because he did not see "clue cells" which would have indicated that the disease was present. He stated that pus cells, which could have been suggestive of the disease were present. He testified that at the time of his examination, he did not make a conclusive diagnosis regarding the disease. Connor testified that the condition can be cured within one to two weeks by antibiotics or by the application of a cream.

Although Chamber's argument is somewhat unclear, it appears that he contends that the trial court erred in excluding from the jury's consideration additional testimony regarding the disease. The testimony he claims was erroneously excluded was that of a Dr. Johnson and that of a third doctor regarding the disease. Pursuant to OCGA § 24-2-3 (b) the court held a hearing outside the presence of the jury and concluded that the doctors' testimony was inadmissible.

In Dr. Johnson's statement, which Chambers proffered, she swore as follows: "On March 19, 1991, I conducted a physical examination of [the victim]. One of my findings was that [the victim] had Gardnella vaginalis. Gardnella vaginalis is a bacteria which is most probably transmitted by sexual intercourse. Gardnella vaginalis can be clinically diagnosed for a female, however, it cannot be clinically diagnosed for a male. If untreated, gardnella vaginalis can remain with a person for an indefinite period of time. If treated, gardnella vaginalis can be cured. Also, it is possible for a person to have this bacteria and for it to go away without treatment." This document is labeled "stipulation" since the parties agreed that it was the substance of Dr. Johnson's testimony, although they disagreed over its admissibility.

Chambers also argues that the trial court erred in excluding the testimony of a third doctor regarding the disease. Defense counsel proffered the affidavit of the third doctor which stated that gardnella vaginalis is a very infectious, sexually transmitted bacteria, for which both males and females can be tested. The affidavit stated that the doctor examined Chambers and his wife in August 1991, and that at that time, neither Chambers nor his wife showed signs of the disease, nor did they report that they had taken antibiotics during the previous 12 months.

The trial court ruled that under the rape shield statute, the evidence was inadmissible because it was not relevant on the issue of consent. OCGA § 24-2-3 (b). Although we agree that the evidence was

not admissible on the issue of consent for a number of reasons, see, e.g., *Worth v. State*, 183 Ga. App. 68, 72 (4) (358 SE2d 251) (1987), we find that the trial court erred in refusing to admit the evidence. In *White v. State*, 201 Ga. App. 53 (410 SE2d 441) (1991), this Court reversed the trial court's exclusion of evidence regarding the victim's physical condition after the alleged rape in that such evidence was relevant to corroborate the defendant's version of events.

Similarly, in *Reece v. State*, 192 Ga. App. 14 (383 SE2d 572) (1989), this court ruled that in the trial for rape, statutory rape and child molestation, evidence of the victim's infection was improperly excluded. In *Reece*, the State elicited testimony that suggested that the defendant had transmitted a disease to the victim. In response to this testimony, the defendant sought to introduce evidence that the defendant's wife did not have the disease during the relevant time period. The trial court excluded such evidence. This court held that because the testimony that the victim had contracted the disease implied that the defendant had given the victim the disease, it was error not to allow the defendant to put forward the evidence.

"Particularly since the doctor testified the victim maintained that she had not had sexual intercourse with anyone else, the testimony . . . virtually compels the jury to reach but one conclusion: that the defendant had sexual intercourse with her. He [the defendant] should have been allowed, in a proper fashion, to show by his wife's medical records, or otherwise, that his wife was then undergoing medical treatment and tests for pregnancy and showed no sign of this disease, and therefore, by logical extension, that the defendant did not have the disease. We do not see how allowing this vital defense to be put forward offends the rape shield law, OCGA § 24-2-3, in any way at all. . . . This is not an improper attempt to explore the victim's past or other sexual experience. . . . Any possible harm caused to the victim by such speculation is far outweighed by the harm done to the defendant in denying him the opportunity to prove he did not have the disease." Id. at 16.

The facts here compel the same result. Although we are aware of the lapse of time between the last date of molestation, the date of the diagnosis of the victim's disease and the date of Chambers' examination, the evidence was essential to Chambers' defense and the trial court erred in excluding it. It was conceivable that Dr. Connor's testimony that suggestive cells of the disease were present in the victim's body created the impression that Chambers had given her the disease. Because of this, Chambers should have been allowed to present evidence that he did not have the disease. The trial court erred in disallowing the evidence for the purpose of corroborating Chambers' defense, not for the purpose of exploring the victim's past or other sexual behavior. Compare *Brown v. State*, 173 Ga. App. 640 (1) (327

SE2d 515) (1985); *Ford v. State*, 189 Ga. App. 395 (376 SE2d 418) (1988). Accordingly, we need not address the remaining enumerations. *Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 21, 1992.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Leigh E. Patterson, Assistant District Attorneys*, for appellee.