## A98A1529. WALKER v. THE STATE.
### (506 SE2d 179)

JOHNSON, Presiding Judge.

John Walker appeals his convictions for child molestation and incest. For reasons which follow, we affirm.

Viewed in a light most favorable to support the verdict, the record shows that Walker's stepdaughter was admitted to drug and alcohol treatment sometime after October 1993. During treatment, she informed counselors that Walker had molested her. The matter was investigated by the Burke County Department of Family & Children Services, and Walker was indicted for one count of child molestation and one count of incest. The indictment alleged that between July 7, 1987 and October 22, 1993, Walker engaged in sexual intercourse with the victim and fondled her breasts and vagina. The victim had previously told two teachers at her school about the sexual abuse when she was in fifth grade, but no action was taken.

1. We note initially that while Walker presents three enumerations of error, his brief contains only one continuous argument instead of the separate arguments required by Court of Appeals Rule 27 (c) (1). This rule clearly provides that "[t]he sequence of argument or arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Court of Appeals Rule 27 (c) (1). Walker's violation of the Court's rules "not only impedes our review of the errors asserted, but also presents the risk that an asserted error will not be addressed because it cannot be correlated with any argument in the brief." *Byron v. State*, 229 Ga. App. 795 (1) (495 SE2d 123) (1997). However, we will address Walker's enumerations of error based on what we perceive his arguments to be.

2. Walker contends the evidence was insufficient to sustain his convictions. We disagree. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citation and punctuation omitted.) *Newman v. State*, 233 Ga. App. 794 (504 SE2d 476) (1998).

In the present case, the victim testified at length about numerous sexual assaults Walker committed on her between the time she was ten or eleven years old and the time she was fourteen years old. She testified that Walker used to lie on her bed and fondle her breasts. The victim related that Walker carried her into his bedroom, laid her on the bed, performed oral sex on her breasts and vaginal area, and "put his penis inside of me." Walker sexually abused the victim twenty or more times over the four-year period. On at least

ten occasions, he made the victim watch pornographic movies and perform oral sex on him. This evidence was sufficient for a rational trier of fact to find Walker guilty beyond a reasonable doubt of child molestation. See *Newman*, supra; *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998).

This evidence also satisfied the requirements of the incest statute. Incest is committed when a father has sexual intercourse with a person he knows is his stepdaughter. OCGA § 16-6-22 (a) (1). Walker's argument that he should not have been found guilty of incest because the victim was an accomplice lacks merit. The victim testified that most, if not all, of the sexual encounters between Walker and herself took place when she was between ten and fourteen years old. Thus, "her age made it impossible that she be treated as an accomplice and impossible in the eyes of the law that she might grant her consent to the acts constituting the basis of the charges against the defendant." *Beldonza v. State*, 160 Ga. App. 647, 649-650 (5) (288 SE2d 37) (1981). The evidence was sufficient for a rational trier of fact to find Walker guilty beyond a reasonable doubt of incest. See *Raymond v. State*, 232 Ga. App. 228 (501 SE2d 568) (1998); *Legg v. State*, 207 Ga. App. 399, 400 (3) (428 SE2d 87) (1993).

3. Walker also contends that the trial court erred in granting a motion in limine under the rape shield statute (OCGA § 24-2-3) and disallowing him to question the victim concerning promiscuity. According to Walker, he wanted to question the victim about an allegation that she had infected another member of the community with a venereal disease. This is precisely the type of testimony the rape shield statute is designed to preclude. See *Grant v. State*, 160 Ga. App. 837 (1) (287 SE2d 681) (1982).

Moreover, even if the trial court's decision to disallow the inquiry was erroneous, Walker was not harmed by the decision. Both in his cross-examination of the victim and of the social worker who investigated the abuse allegations, defense counsel elicited testimony regarding the victim's prior use of illicit controlled substances and her previous history of sexual misconduct, including the fact that she had engaged in prostitution. Defense counsel also elicited evidence that the victim had sexually abused herself, had been hospitalized for psychiatric problems, and had attempted to commit suicide. Since Walker successfully introduced the type of testimony the trial court's order was designed to foreclose, he was clearly not harmed by the order. See *Goodwin v. State*, 208 Ga. App. 707 (1), 708 (2) (431 SE2d 473) (1993); *Frink v. State*, 177 Ga. App. 604, 607 (1) (340 SE2d 631) (1986); see also *Panos v. Dept. of Transp.*, 162 Ga. App. 53 (2) (290 SE2d 295) (1982).

4. Walker contends he was not afforded effective assistance of counsel. However, Walker failed to raise this issue in the trial court

during his motion for new trial, during his extraordinary motion for new trial, or after being granted an out-of-time appeal. "The grant of an out-of-time appeal 'should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal.' [Cit.] It therefore includes the right to file a motion for a new trial. [Cit.] And it follows that because a claim of ineffective assistance of counsel must be determined through an evidentiary hearing at the earliest practicable moment, such a claim may not be asserted in an out-of-time appeal unless it has been raised in a motion for new trial after the grant of an out-of-time appeal, and the issue has been raised and resolved at an evidentiary hearing. [Cit.]" *Nobles v. State*, 233 Ga. App. 63, 64 (2) (503 SE2d 321) (1998). We therefore conclude that Walker waived his right to assert this issue on appeal.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 19, 1998.

*Samuel W. Cruse*, for appellant.

*Daniel J. Craig, District Attorney, Nancy B. Johnson, Charles R. Sheppard, Assistant District Attorneys*, for appellee.