## A00A1806. RICKS v. THE STATE.
(546 SE2d 919)

POPE, Presiding Judge.

Robert Van Ricks was charged with one count of rape and two counts of child molestation. He was tried, convicted of two counts of child molestation and appeals. For the following reasons, we affirm.

Evidence at trial showed that the victim was molested by Ricks, her mother's boyfriend, when she was 14. The victim testified that Ricks repeatedly molested her while he was living in the same residence with her. The victim's outcry about the crimes occurred one year after the crimes occurred. Although the victim told the police that Ricks had raped her once, at trial she explained that she had been too embarrassed to tell the police that several acts of molestation had occurred.

Ricks testified at trial and denied the charges.

1. Ricks argues that the trial court impermissibly allowed a medical expert to testify regarding the physical examination of the victim

---

and improperly limited his cross-examination of the expert. Ricks' argument concerns evidence that approximately *one year* after the crime, at the time of her initial outcry, the victim tested positive for trichomonas, a type of venereal disease.

The record shows that Ricks filed his motion for discovery of exculpatory evidence and that in response the State produced various documents, including medical records. Ricks then filed a motion for pre-trial disclosure of expert witnesses in January 1999. In response, the State filed three certificates of service indicating that various additional medical records were delivered to Ricks on February 12, 1999.

Before the medical witnesses were called at trial, the State made an oral motion in limine, arguing that certain information within the testifying nurse's knowledge was protected by the rape shield doctrine. Specifically, the State argued, there was evidence that *one year after* the last crime occurred, the victim tested positive for trichomonas. The State asserted that although the victim had tested positive for the disease, Ricks had never been tested for it. The court granted the motion in limine, and the nurse then testified that she had examined the victim in June 1997 and that the exam had been normal. Next, the State called Dr. Nancy Fajman, who testified that the fact that the victim's exam was normal a year after the crimes allegedly occurred was not inconsistent with the victim's claims of abuse.

The trial court properly granted the State's motion in limine. The evidence which the trial court excluded showed that the victim had tested positive for the venereal disease one year after the crimes with which Ricks was charged occurred. Although there was evidence that the victim could have had the disease for an indeterminate period of time, there was no affirmative evidence that she had had the disease closer to the occurrence of the crimes. More importantly, there was no assertion or offer of proof to show that Ricks had been tested for the disease *at any time*. Thus, there was no indication that he did, or did not, have the disease. Thus, the evidence was irrelevant and was properly excluded.

Because there was no evidence that the victim had the disease at the time the crimes were committed nor was there any evidence or assertion that Ricks did *not* have the disease, this case differs from *Chambers v. State*, 205 Ga. App. 78, 79 (4) (421 SE2d 326) (1992), and *Reece v. State*, 192 Ga. App. 14, 16 (383 SE2d 572) (1989). In *Chambers*, the defendant appealed the trial court's refusal to allow him to admit evidence of the venereal disease, arguing that the evidence excluded the possibility that he had had intercourse with the victim. In that case, Chambers tried to introduce evidence that the victim had a venereal disease within seven months of the crime and that

neither Chambers nor his wife had the disease one year after the crimes occurred. Chambers claimed that this evidence excluded the possibility that he had had intercourse with the victim.[1]

In concluding that the trial court erred in not allowing this evidence, this Court ruled that Chambers should have been allowed to present evidence that he did *not* have the disease. The Court explained that because it was conceivable that the doctor's testimony had created the impression that Chambers had given the victim the disease, Chambers should have been allowed to present evidence that he did not have the disease. Accordingly, the Court concluded that the evidence was essential to Chambers' defense, the evidence did not offend the rape shield law, OCGA § 24-2-3, and the trial court erred in excluding it.

Similarly, in *Reece v. State*, 192 Ga. App. at 16, this Court ruled that evidence of the victim's infection was improperly excluded where the State elicited testimony that suggested that the defendant transmitted the disease to the victim. In *Reece*, the defendant sought to introduce evidence that the defendant's wife did *not* have the disease during the relevant time. In *Reece*, this Court also held that introduction of this evidence was not offensive to the rape shield law.

Here, the trial court did not err in granting the State's motion to suppress evidence that the victim had a venereal disease one year after the last act of molestation, where there was no evidence or offer of proof that Ricks did *not* have the disease. In contrast to the cases in which evidence regarding the victim's sexually transmitted disease has been part of the defendant's defense, in this case this evidence had no bearing on Ricks' defense. See generally *Green v. State*, 242 Ga. App. 868, 870 (1) (532 SE2d 111) (2000) (this Court concluded that although "proof that either the victim or the aggressor in a sexual assault had (or did not have) a sexually transmitted disease certainly can be relevant," the trial court did not err in denying defendant's motion for new trial based on evidence that he tested positive for herpes simplex II and the victim did not); *Rouse v. State*, 204 Ga. App. 845 (1) (420 SE2d 779) (1992) (where defendant and victim had gonorrhea, there was no error in trial court's exclusion of evidence that victim was also molested by a third party because there was no evidence that the third party was infected with the disease). Compare *White v. State*, 201 Ga. App. 53 (1) (410 SE2d 441) (1991) (trial court erroneously excluded medical evidence that victim exhibited infectious discharge within hours of the alleged rape); *Ford v. State*, 189 Ga. App. 395 (2) (376 SE2d 418) (1988) (trial court did

---

[1] In this case, although Ricks was acquitted of the rape charge, one count of child molestation charged that he had placed his penis on the victim's vagina. Accordingly, Ricks' acquittal on the rape charge does not necessarily render his argument moot.

not err in excluding evidence that the victim contracted gonorrhea three months before she was raped, because the evidence pertained to matters protected by OCGA § 24-2-3).

2. Ricks argues that the medical report revealing that the victim had the venereal disease should have been disclosed to the defense ten days before trial. He claims that this information was critical evidence and that the State failed to disclose it, violating the rules of discovery.

We disagree. The trial court concluded during the argument on the motion in limine that the State *had* produced the medical report which referenced the disease, and Ricks did not contest this conclusion or move for a continuance. Furthermore, the record contains the State's certificate of service for this record, which is signed by the assistant district attorney and dated December 14, 1998, more than eight months before trial began. This certificate of service is prima facie proof of service. See *Williams v. State*, 201 Ga. App. 384, 386 (3) (411 SE2d 316) (1991); OCGA § 17-1-1 (e) (1), (2). Further, at trial Ricks did not pursue any argument that he did not receive the record, he did not move for a continuance, nor did he claim that he suffered prejudice. In fact, the transcript indicates that after his initial statement that he was "entitled to the information," Ricks essentially acquiesced to the court's finding that he had already received the report. The evidence was sufficient to warrant the court's finding that the State complied with its obligation to provide the report to Ricks.

3. Finally, Ricks claims that the court erred in recharging the jury in writing outside of his presence. The situation of which Ricks now complains occurred after the jury had been deliberating and sent the court a question regarding the difference between Count 1 (rape) and Count 2 (child molestation). The transcript shows that there was an off-the-record discussion in chambers between the trial court, Ricks' counsel, and the State about how to respond to the jury's questions. The trial court placed on the record the results of the discussion. Ricks' attorney then stated that he thought the court's recharge would be "an impermissible comment by the court," and he excepted to the recharge. The court then responded in writing to the jury's question that: "to constitute rape there must be force, plus penetration and that Count 2 was child molestation and not rape." The court did not bring the jurors back and recharge them orally.

We find no error in the court's written recharge of the jury. It is true that "the defendant on trial must be present when the court takes any action materially affecting his case." (Citations and punctuation omitted.) *Collins v. State*, 191 Ga. App. 289, 290 (2) (381 SE2d 430) (1989). And, in *Locklin v. State*, 228 Ga. App. 696 (2) (492 SE2d 712) (1997), this Court stated that "[t]his Court has held that

recharges and colloquies between the court and the jury are such 'critical' portions of the trial." (Citations omitted.) Id. at 697.

Despite these principles, there was no error here. Ricks argues that he "was not present when the response was delivered and read by the jury." There was certainly no way in which Ricks could have been present in the jury room when the jurors read the written recharge for there was no court interaction with the jury beyond the writing of the note. But Ricks' counsel was present for the in-chambers discussion, and Ricks is not arguing error based on the fact that he was not present for that discussion. Further, Ricks' counsel placed his objection to the note on the record, and nothing in the record indicates that Ricks was not present at that time. See *Hollis v. State*, 201 Ga. App. 224 (1) (411 SE2d 48) (1991). Moreover, his attorney made no subsequent objection in this regard. See generally *Brooks v. State*, 271 Ga. 456 (2) (519 SE2d 907) (1999).

*Judgment affirmed. Miller and Mikell, JJ., concur.*

DECIDED MARCH 20, 2001 —
RECONSIDERATION DENIED APRIL 11, 2001 

*Lawson & Thornton, Charles S. Thornton, J. M. Raffauf, Dwight L. Thomas, Caprice J. Small*, for appellant.

*J. Tom Morgan, District Attorney, Kristin L. Wood, Assistant District Attorney*, for appellee.