STATE

v.

Rafael PENA–ROJAS.

Nos. 2001–234–C.A., 2002–362–M.P.

Supreme Court of Rhode Island.

May 27, 2003.

Aaron L. Weisman, Providence, for Plaintiff.

Kelly Monteiro, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

In this statutory-rape case, the defendant, Rafael Pena–Rojas,[1] challenges the trial justice's rulings sustaining the state's objections to certain questions that his attorney posed to him during his direct examination of the defendant at his criminal trial. On his appeal and in his petition for certiorari, the defendant contends that his attorney intended to elicit evidence that the defendant was free of the sexually transmitted diseases that the victim said she had contracted after engaging in the sexual activity in question.

A Superior Court jury found defendant guilty of one count of first-degree child molestation, concluding that he had sexual intercourse with a thirteen-year-old girl.[2] The trial justice then sentenced him to a fifteen-year prison term, with five years of the sentence suspended and five years of probation. A judgment of conviction was entered on November 20, 2000.

On January 25, 2001, the Superior Court granted defendant's motion to extend the time for him to file a notice of appeal from his conviction. By this date, however, the maximum thirty day additional period for filing an appeal beyond the original twenty day appeal period allowed by law for doing so already had expired.[3] Article I, Rule 4(b) of the Supreme Court Rules of Appellate Procedure provides, in pertinent part:

"Upon a showing of excusable neglect the Superior Court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty (30) days from the expiration of the time otherwise prescribed by this subdivision."

Upon realizing that he had failed to file his notice of appeal before the deadline for doing so had expired, defendant petitioned this Court to issue a writ of certiorari. We then granted the petition and issued the writ. Meanwhile, we ordered the parties to show cause why we should not decide the appeal summarily. After reviewing the parties' respective submissions and hearing their oral arguments, we conclude that they have failed to show cause, and we therefore proceed to decide this case without further briefing and argument.

◾ Because defendant failed to file the notice of appeal in a timely manner, we have no choice but to dismiss defendant's appeal because he failed to invoke our

---

1. In accordance with the Latino tradition, defendant uses a hyphenated last name, Pena–Rojas. His paternal last name is Pena and his maternal last name is Rojas.

2. General Laws 1956 § 11–37–8.1 provides as follows: "First degree child molestation sexual assault.—A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under."

3. In *Millman v. Millman,* 723 A.2d 1118, 1119 (R.I.1999) (per curiam), we explained that "the [Superior Court] must grant a motion for an extension of time to file an appeal within fifty days of the judgment or decree appealed from, and the appellant must file the notice of appeal within that same time." Although *Millman* involved an appeal from a civil case under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, these same periods apply to appeals in criminal cases under Rule 4(b). In this case, defendant did not file the notice of appeal until February 5, 2001, which was well beyond fifty days after the entry of the judgment of conviction (November 20, 2000). *See* Rule 45(a) of the Superior Court Rules of Criminal Procedure and Rule 4(b) of the Supreme Court Rules of Appellate Procedure.

jurisdiction within the time limits provided by law for doing so. Nevertheless, given the pending petition for certiorari, we treat the parties' respective arguments on the appeal as their contentions for and against the granting of the certiorari petition. We now turn to the merits of these arguments.

In his challenge to the conviction, defendant raises only one issue: whether the trial justice erred by not allowing him to testify during his direct examination about whether he had a sexually transmitted disease. Specifically, defendant suggests that he wanted to testify about how, shortly after his arrest, a medical examination at the Adult Correctional Institutions (ACI) revealed that he did not have any sexually transmitted diseases and that he never had any sexually transmitted diseases. At trial, however, the trial justice sustained the state's objections to this line of inquiry:

"Q. What was the first thing they did at the A.C.I. when you went there?

"Ms. Sternick: Objection.

"The [c]ourt: Sustained.

"Q. Did you have a medical examine [*sic*] at the A.C.I.?

"A. Yes.

"Q. Did any sexual transmitted diseases turn up?

"Ms. Sternick: Objection.

"The [c]ourt: Sustained.

"Q. Have you ever had a sexually transmitted disease?

"Ms. Sternick: Objection.

"The [c]ourt: Sustained.

"Mr. St. Onge: Nothing further."

The defendant argues that because the state implied during the presentation of its case that the victim developed sexually transmitted diseases as a result of her contact with defendant, he should have been allowed to introduce evidence that he was free of these diseases. For support, defendant relies on two cases from Georgia, where an intermediate appellate court ruled that a defendant must be given an opportunity to present evidence of being disease-free in a situation such as this one in which medical testimony revealed that the victim contracted a sexually transmitted disease after she had sexual contact with the defendant. *See Chambers v. State*, 205 Ga.App. 78, 421 S.E.2d 326, 328–29 (1992) (holding that the trial court erred by refusing to admit evidence that the defendant did not have the sexually transmitted disease that the victim contracted); *Reece v. State*, 192 Ga.App. 14, 383 S.E.2d 572, 574 (1989) (overturning the defendant's conviction because he was not allowed to present evidence that his wife did not have a sexually transmitted disease during the relevant time period). In each case, the court reasoned that such evidence was essential to the defendant's case because evidence of the victim's disease suggested that she had caught the illness from the defendant and that the defendant therefore should have been allowed to present evidence that he did not have the disease—thereby demonstrating that he was not the one responsible for committing the sexual crime in question. *Chambers*, 421 S.E.2d at 329; *Reece*, 383 S.E.2d at 574.

The evidence in each Georgia case, however, is distinguishable from this situation because no evidence in those cases suggested that the victim had sexual relations with anyone other than the defendant during the relevant period. In this case, however, the victim testified that she first had sexual relations with another man on the evening of June 27, 1999, and then later—on that same evening in the same motel room—she also had sexual intercourse with defendant. Thus, this earlier sexual contact—let alone the possibility of other such incidents in the same relative time

frame—could explain how she contracted the sexually transmitted diseases. Also, although the prosecutor introduced evidence of the victim's medical condition to explain how she ultimately came to disclose her sexual involvement with defendant at the motel, the prosecution did not offer this information into evidence to inculpate defendant as the person responsible for infecting her with these diseases, nor did the prosecutor suggest that defendant either had the diseases in question when he engaged in sexual intercourse with the victim or that he otherwise was responsible for transmitting them to her.

■ Most importantly, other evidence implicated defendant as the person who had sexual relations with the victim on the date in question, including the victim's testimony, her identification of the location of the motel where the assault took place, her identification of defendant from a police-assembled photographic array, and the physical evidence of motel records identifying defendant as the person who rented the motel room. Thus, if it was error for the trial justice to exclude evidence that defendant was free of any sexually transmitted diseases, it was harmless error.

■ Decisions about the admissibility of evidence on relevancy grounds are left to the sound discretion of the trial justice; this Court will not disturb those decisions on appeal absent an abuse of discretion. *State v. Botelho,* 753 A.2d 343, 350 (R.I. 2000). Furthermore, when reviewing such decisions, we will not conclude that a trial justice abused his or her discretion as long as some grounds to support the decision appear in the record. *Id.* at 350. The trial justice in this case did not explain his reason for sustaining the state's objection to defendant's attempt to introduce evidence about whether he suffered from any sexually transmitted diseases. Nevertheless, we consider the state's waiver and

relevancy arguments on appeal to be sound. The victim testified that she had sexual intercourse with two men when she was with them that night in the motel. Significantly, defendant made no offer of proof that he had not contracted the sexually transmitted diseases that plagued the victim. We explained in *State v. Hazard,* 785 A.2d 1111 (R.I.2001), that:

> " '[t]he purpose of an offer of proof is to enable this [C]ourt to determine the materiality, relevance, and competence of the evidence.' *State v. Cote,* 691 A.2d 537, 541 (R.I.1997). Such offers '[shall] be reasonably specific, rather than general, should include a statement of the facts to which the witness would testify, should indicate the purpose and object of the proof offered, and should establish that the evidence sought to be admitted is admissible.' *Id.* at 542." *Hazard,* 785 A.2d at 1120.

■ Accordingly, especially in the absence of a proper offer of proof that would have enabled the trial justice to determine the materiality, relevance, and competence of the proffered testimony, the trial justice did not abuse his discretion in excluding this evidence.

In short, this case turned on credibility, and the jury evidently believed the victim's version of events. Given the defendant's failure to make a proper offer of proof that would have enabled the trial justice to determine the materiality, relevance, and competence of the proffered testimony, the trial justice did not abuse his discretion in excluding this evidence.

For these reasons, we dismiss the defendant's appeal as untimely, deny the defendant's petition for certiorari, quash the writ as improvidently issued, affirm the judgment of conviction, and return the rec-

ords in this case to the Superior Court with our decision endorsed thereon.