S06A0004. MURRELL v. RICKS.
(627 SE2d 546)

THOMPSON, Justice.

A jury found Robert Van Ricks guilty of two counts of child molestation and acquitted him of one count of rape. His conviction was affirmed on appeal. *Ricks v. State,* 249 Ga. App. 80 (546 SE2d 919) (2001). The same counsel represented Ricks at trial and on appeal. Thereafter, Ricks retained new counsel and filed a petition for writ of habeas corpus claiming, inter alia, that he was denied constitutionally effective assistance of trial counsel. The habeas court agreed and granted the writ on that ground. Warden Murrell appeals pursuant to OCGA § 9-14-52 (c). We reverse.

The victim was the 14-year-old daughter of Ricks' girlfriend. During the time alleged in the indictment, Ricks was sharing a

residence with the child and her mother. The child did not come forward with the claim of rape and molestation until one year after the alleged crimes.

The defense filed a pretrial motion for discovery of exculpatory material, and in response, the State provided the victim's medical records which contained information that she had tested positive for Trichomonas, a type of venereal disease.[1] The test was performed during a physical examination of the victim conducted shortly after her initial outcry (about 13 months after the crimes had been committed). During trial, the State sought to offer the testimony of the nurse who had conducted that examination, but also requested a motion in limine to prevent the witness from testifying concerning the results of the Trichomonas test on the basis that the information is protected by the rape shield statute. See OCGA § 24-2-3 (a). After extensive colloquy, the trial court granted the State's motion in limine concluding that the evidence is precluded under the rape shield statute, and that the statutory exceptions are inapplicable. See OCGA § 24-2-3 (b). The court also observed that the ruling was not necessarily harmful to the defense as the evidence "could end up backfiring, very easily." Defense counsel obtained a continuing objection.

Ricks' counsel enumerated that ruling as error on direct appeal. The Court of Appeals declined to find error, noting that "there was no evidence that the victim had the disease at the time the crimes were committed nor was there any evidence or assertion that Ricks did not have the disease." *Ricks*, supra at 81 (1).

At the habeas hearing, trial counsel was asked whether the State disclosed the victim's medical report in a timely fashion and why he did not seek a continuance. Counsel responded that he had no specific recollection of the events. Ricks did not proffer any further evidence in support of this aspect of his ineffective assistance of counsel claim, relying instead on the record of the trial. The habeas court concluded that counsel was ineffective because he "did not contest his receipt of the [medical] information, ask for a continuance, or argue prejudice."

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his trial attorney's

---

[1] Neither Ricks' requests for discovery nor the State's responses thereto are contained in the record of the habeas proceedings. The record does confirm, however, that Ricks opted into reciprocal pretrial discovery, and the Court of Appeals determined that the State produced the medical report which referenced the disease, more than eight months before trial. *Ricks*, supra at 83 (2).

performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . In reviewing the habeas court's order, this Court is not required to address the two elements in any particular order or even to address both components if the defendant has made an insufficient showing on one. [Cit.] We must affirm the habeas court's determination of this claim unless its factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel.

(Punctuation omitted.) *Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004).

First, evidence of the victim's disease was inadmissible under the rape shield statute. See *Walker v. State*, 234 Ga. App. 40 (3) (506 SE2d 179) (1998); *Rouse v. State*, 204 Ga. App. 845 (1) (420 SE2d 779) (1992). Although it could not be determined when the victim had contracted the sexually transmitted disease, the law makes no distinction between the victim's behavior before or after the crime. "[P]ast sexual behavior includes evidence of any sexual behavior by the victim before trial." (Punctuation omitted.) *Mooney v. State*, 266 Ga. App. 587, 592 (4) (597 SE2d 589) (2004). That being so, trial counsel's performance cannot be considered deficient based on a failure to contest the receipt of the medical information.

And even if defense counsel had requested a continuance for the purpose of testing Ricks we find no reasonable likelihood that the outcome of the trial would have been different. See *Pittman v. State*, 274 Ga. 260, 264 (5) (553 SE2d 616) (2001). The victim tested positive for the disease 13 months after the crimes were committed and at least eight months prior to trial. A negative result for Ricks at the time of trial would not have established his medical condition at the time of the crimes, or rule out the possibility that he had molested the victim. On the contrary, a positive test at the time of trial would likely have been damaging. Compare *Chambers v. State*, 205 Ga. App. 78, 81 (4) (421 SE2d 326) (1992) (where the evidence created the impression that the defendant had infected the victim, it was error to exclude evidence that defendant did not have the disease, as such evidence "was essential to [his] defense"); *White v. State*, 201 Ga. App. 53 (1) (410 SE2d 441) (1991) (error to exclude evidence that examination of rape victim within hours of the rape showed presence of a sexually transmitted disease, to impeach victim's testimony that defendant infected her); *Reece v. State*, 192 Ga. App. 14 (383 SE2d 572) (1989) (where evidence implied that defendant had infected victim, it was error to exclude evidence that defendant's wife did not have the disease during the relevant time frame). Since a continuance of the

trial for further investigation would not have benefitted the defense, we find no actual prejudice to defendant in failing to make the request. Thus, Ricks has not met his burden under *Strickland*. It follows that the habeas court's findings are legally insufficient to support its determination that Ricks was denied effective assistance of trial counsel. *Turpin v. Curtis*, supra at 699 (1).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006.

*Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellant.
*Brad Gardner, Dwight L. Thomas*, for appellee.