STATE

v.

Kenneth PITTS.

No. 2008–195–C.A.

Supreme Court of Rhode Island.

March 23, 2010.

Aaron L. Weisman, Department of Attorney General, Providence, for Plaintiff.

Janice M. Weisfeld, Office of the Public Defender, Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice ROBINSON for the Court.

On April 23, 2008, a Providence County Superior Court jury convicted the defendant, Kenneth Pitts, of one count of disorderly conduct. He has appealed from the judgment of conviction. This case came before the Supreme Court for oral argument on January 27, 2010, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The defendant was charged with one count of disorderly conduct in violation of G.L.1956 § 11–45–1.[1] A jury trial was held from April 21 through April 23, 2008, at the conclusion of which defendant was convicted. The testimony elicited at this trial was substantially similar to that set forth in *State v. Pitts*, 960 A.2d 240 (R.I. 2008).[2] Providence Police Officer Richard Piccirillo was the only witness for the prosecution to testify at trial. In essence, Offi-

---

1. At the time of Mr. Pitts's arrest, G.L.1956 § 11–45–1, as amended by P.L. 2004, ch. 206, § 1, provided in pertinent part as follows:
   "(a) A person commits disorderly conduct if he or she intentionally, knowingly, or recklessly:
   "* * *
   "(7) Exposes his or her genitals to the view of others under circumstances in which his or her conduct is likely to cause affront, distress, or alarm to the other persons.
   "(b) Any person, including a police officer, may be a complainant for the purposes of instituting action for any violation of this section."
   In 2008, chapter 11 of title 45 entitled "Disorderly Conduct" was amended by the General Assembly so as to include the requirement that, for there to be a violation, the exposure of genitals must have occurred "for the purpose of sexual arousal, gratification or stimulation * * *." Section 11–45–2, as amended by P.L. 2008, ch. 183, § 2. It should go without saying that this amendatory language has no bearing on the instant appeal.

2. Prior to the criminal trial on the disorderly conduct charge at issue in this case, defendant's actions were found to have been violative of the terms and conditions of an earlier probationary sentence, and he was sentenced to serve five years of a previously imposed twenty-eight-year suspended sentence. *State v. Pitts*, 960 A.2d 240, 242 (R.I.2008). This Court affirmed the adjudication of probation violation. *Id.*

cer Piccirillo testified that on April 25, 2007 he observed Mr. Pitts sitting in a white van on the East Side of Providence with his penis exposed. He further testified that, after Mr. Pitts's arrest, the police conducted an inventory search of the white van and found (*inter alia*) a used condom and a photo album containing photographs of nude women. At the close of the prosecution's case, defendant moved for a judgment of acquittal. The defendant contended that the prosecution had failed to establish each of the elements necessary to convict him of disorderly conduct beyond a reasonable doubt. He argued that the prosecution had not demonstrated that his genitals were exposed to the view of others under circumstances which were "likely to cause affront, distress, or alarm." *See* § 11–45–1(a)(7) (quoted at footnote 1, *supra*). He contended that, given where he was seated in the van, a passerby would not have been able to see him in the vehicle—since he was crouched down in the van "intentionally avoiding the view of others." The defendant further contended that he had a "reasonable expectation of privacy" within the van.

The trial justice observed that, when considering a motion for a judgment of acquittal, he was required to "consider the evidence that has been adduced in the light most favorable to the State" and that he was "not permitted to assess the credibility of the witnesses." After taking into account the officer's testimony and the relevant provisions of the disorderly conduct statute,[3] the trial justice denied defendant's mid-trial motion for a judgment of acquittal.

Prior to the beginning of the defense's case, the prosecutor asked the trial justice to rule on the issue of whether the prosecutor could use, during his cross-examination of defendant, photographic evidence of a certain item that had been found in defendant's van. Specifically, the prosecutor sought to introduce photographs of a photo album whose contents, in whole or in part, consisted of photographs of women posing in the nude and posing in sexually explicit positions.[4] The prosecutor represented that the photographs would be used to impeach defendant.[5] The prosecutor further contended that evidence that the photo album had been within an "arm's length or two of the defendant" would be relevant to the charge that defendant had violated § 11–45–1(a)(7). Defense counsel argued that there had been no testimony indicating that the photo album was opened or that defendant was looking at the photographs while his genitals allegedly were exposed. The trial justice stated that it could be inferred that defendant used the photographs "for purposes of his arousal" during the alleged exposure of his genitals. The trial justice therefore ruled that the prosecution would be allowed to use the photographic evidence in order to impeach defendant during cross-examination if he testified and denied having exposed his genitals as Officer Piccirillo had described.

The defendant was the second, and final, witness to testify at trial. The thrust of defendant's testimony was that his genitals were not exposed at the time in question. During cross-examination, defendant ad-

---

3. *See* footnote 1, *supra*.

4. The prosecution requested the introduction of said photographs for identification purposes only and not as a full exhibit.

5. It appears that the prosecution anticipated that defendant would deny that he had exposed his genitals. The prosecution therefore sought to use the photographic evidence to impeach defendant's testimony in that respect if he in fact so testified.

mitted that officers had found a used condom and an album containing photographs of nude women in his van.[6]

At the close of all the evidence, defendant renewed his motion for a judgment of acquittal, reiterating the same arguments as he had made at the close of the prosecution's case. The trial justice denied the motion.

On April 23, 2008, the jury found defendant guilty of one count of disorderly conduct. Thereafter, defendant was sentenced by the trial justice to six months imprisonment, to be served consecutively to his previously imposed sentence of imprisonment.[7] The defendant filed a premature, but nonetheless valid, notice of appeal.[8]

## II

## Analysis

On appeal, defendant contends that the alleged exposure of his genitals, which he denies ever took place, would not constitute disorderly conduct under the statute and that, therefore, the trial justice should have granted his motion for a judgment of acquittal. The defendant further contends that the trial justice erred in: (1) allowing the prosecution to admit what he contends was irrelevant evidence in its case in chief (*viz.*, evidence concerning a used condom

found in the van);[9] and (2) permitting the prosecution to cross-examine him regarding certain other evidence from the van (*viz.*, the photographs of naked women found by the police in the van).

## A

## Denial of the Motion for Judgment of Acquittal

■ The defendant's initial contention is that the alleged exposure (which he denies having committed) would not constitute disorderly conduct, and that, therefore, the trial justice erred in denying his motions for a judgment of acquittal.

The defendant argues that, according to Officer Piccirillo's testimony, he was slumped down in the van with only his head visible until the officer was directly outside the van looking into the driver's window. The defendant further argues that, because the van was higher than a normal passenger vehicle, "a casual passerby * * * would not have seen any exposed genitalia." The defendant additionally contends that, despite the officer's testimony that the area in the vicinity of where defendant was parked has high foot traffic, the officer did not testify to the presence of any pedestrian traffic at the time of the alleged incident or at the time of his arrest. The defendant also points

---

**6.** The trial justice gave the jury a limiting instruction with respect to its consideration of the photographic evidence. He instructed the jury that defendant was not charged with possession of pornographic material. He further instructed the jury that the evidence was not being offered to show that Mr. Pitts "is a bad person or someone who violatès the law;" he stated that the evidence was being admitted for the limited purpose of providing context to the charge of disorderly conduct and, specifically, to the allegation that Mr. Pitts had "expos[ed] his genitals."

**7.** *See* footnote 2, *supra*.

**8.** *See, e.g., State v. Diefenderfer,* 970 A.2d 12, 23 n. 24 (R.I.2009).

**9.** Prior to the start of trial, the trial justice met with counsel *in camera* and heard arguments by the attorneys on the record as to whether the prosecution could elicit testimony from Officer Piccirillo that, during the search of defendant's vehicle, a used condom was found. The trial justice decided to allow the prosecution to elicit such testimony, while noting for the record defendant's objection to the effect that such evidence was irrelevant and prejudicial.

out that there was no evidence of cars parked on the street opposite his vehicle or evidence of the presence of occupants in the nearby houses. The defendant therefore contends that the evidence does not demonstrate that he intentionally, knowingly, or recklessly exposed his genitals. We are unpersuaded by defendant's contentions.

■ When we review a trial justice's denial of a motion for a judgment of acquittal, we apply the same standard as the trial court. *State v. DeOliveira*, 972 A.2d 653, 663 (R.I.2009). In applying this standard, we "view the evidence in the light most favorable to the prosecution, giving full credibility to its witnesses, and drawing all reasonable inferences consistent with guilt." *Id.* If we determine that the evidence, viewed in such a light, is "sufficient to support a verdict of guilty beyond a reasonable doubt, the motion must be denied." *State v. Mondesir*, 891 A.2d 856, 861 (R.I.2006); *see also DeOliveira*, 972 A.2d at 663.

Having considered the testimony of Officer Piccirillo, we conclude that the trial justice properly denied defendant's motion for a judgment of acquittal at the close of the prosecution's case and at the close of all the evidence.

The statute under which Mr. Pitts was convicted explicitly states that a police officer may be a complainant. *See* § 11–45–1(b). Therefore, exposure of defendant's genitals to the view of Officer Piccirillo would undoubtedly establish a violation, even if no other person witnessed the exposure. We are therefore fully satisfied that, viewing the evidence in the light most favorable to the prosecution, the evidence presented was sufficient for a jury to find beyond a reasonable doubt that defendant violated the disorderly conduct statute by exposing his genitals to Officer Piccirillo. Accordingly, it is our conclusion that the trial justice properly denied defendant's two motions for a judgment of acquittal.

## B

### Evidentiary Issues

The defendant also contends that the trial justice erred in allowing the prosecution to elicit testimony from Officer Piccirillo with respect to the used condom that was found in the van. He contends that this evidence was unduly prejudicial and that the prosecution failed to proffer evidence connecting the condom to the conduct which was allegedly in violation of the disorderly conduct statute. The defendant's final contention is that the trial justice erred in permitting the state to cross-examine him with respect to the photo album found in the white van. He contends that this evidence was irrelevant to the conduct of which he stood accused and that it thus constituted improper impeachment evidence.

■ When reviewing the decision of a trial justice to admit certain evidence, this Court has indicated that "questions as to the admissibility *vel non* of evidence are confided to the sound discretion of the trial justice * * *." *State v. Merida*, 960 A.2d 228, 234 (R.I.2008); *see also State v. Diefenderfer*, 970 A.2d 12, 24 (R.I.2009). We will not overturn the ruling of a trial justice with respect to an evidentiary issue unless it constitutes an "abuse of the justice's discretion" and "prejudices the complaining party." *State v. Johnson*, 667 A.2d 523, 530 (R.I.1995); *see also Diefenderfer*, 970 A.2d at 24; *Merida*, 960 A.2d at 234. We allow "wide latitude to determine both the relevance and the admissibility of evidence." *State v. Dominick*, 968 A.2d 279, 282 (R.I.2009); *see also State v. Grullon*, 984 A.2d 46, 53 (R.I.2009). We are disinclined to perceive an abuse of discretion so long as the record contains "some

grounds for supporting the trial justice's decision * * *." *Grullon,* 984 A.2d at 53.

Rule 401 of the Rhode Island Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *State v. Thomas,* 936 A.2d 1278, 1282 (R.I.2007) (also stating that "evidence which is not relevant is not admissible").

■ At the same time, it should be remembered that this Court has interpreted Rule 403 of the Rhode Island Rules of Evidence as providing that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice to [the] defendant." *State v. Silvia,* 898 A.2d 707, 717 (R.I.2006). The determination as to whether an item of relevant evidence should be excluded pursuant to Rule 403 is "confided to the sound discretion of the trial justice." *Id.; see also State v. Kaner,* 876 A.2d 1133, 1134 (R.I.2005) (mem.).

■ Mindful of these evidentiary standards, we perceive no basis for concluding that the trial justice abused his discretion when he permitted the prosecution to elicit testimony about the used condom during its case-in-chief or when he allowed the prosecution to cross-examine defendant with respect to the album of nude photographs. We are satisfied that the trial justice did not abuse his discretion under Rule 403. *See State v. Patel,* 949 A.2d 401, 412 (R.I.2008) (stating that we apply an abuse of discretion standard when reviewing a trial justice's exclusion of evidence pursuant to Rule 403, but also stating that the trial justice must exercise his or her discretion to exclude evidence under this rule "sparingly"); *Wells v. Uvex Winter Optical, Inc.,* 635 A.2d 1188, 1193 (R.I. 1994) ("Unless evidence is of limited or marginal relevance and enormously prejudicial, the trial justice should not act to exclude it."); *see also State v. Pona,* 948 A.2d 941, 950 (R.I.2008). The presence of the used condom within defendant's vehicle could be viewed as reinforcing the officer's testimony that defendant's genitals were exposed; it would be for the jury to weigh all the evidence and make decisions as to credibility. We are unable to conclude that the possible prejudice from such evidence outweighs the probative value of the evidence.

■ With respect to the trial justice's allowing the prosecution, during cross-examination of the defendant, to make use of the above-referenced photographic evidence, we similarly perceive no abuse of his discretion under Rule 403. As was the case with the used condom, the evidence of the nude photographs could support an inference that the defendant was using such photographs while his genitals were exposed. We are also unable to conclude that the prejudicial effect of such evidence outweighed its probative value—especially in light of the fact that the trial justice gave the jury a limiting instruction with respect to how it should consider the evidence of an album containing photographs.

## III

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.